413 P.2d 897

Charles E. HARMON, Plaintiff-Respondent,

v.

J. D. NOLAND, Defendant-Appellant.

No. 9415.

Supreme Court of Idaho.

May 3, 1966.

Earl E. Walker, Twin Falls, for appellant.

Murphy, Schwartz & Cunningham, Shoshone, for respondent.

McQUADE, Justice.

In March 1960 plaintiff-respondent Charles E. Harmon entered into a written agreement wherein he leased certain farmlands from the defendant-appellant J. D. Noland. Expiration date of the lease was November 1, 1961. Prior to October 1, 1961, appellant served respondent with notice that the lease would be terminated and possession was requested as of November 1, 1961. Appellant granted respondent an extension to November 16, 1961. On or about December 13, 1961, respondent was served with a three-day notice to vacate. Respondent immediately proceeded to remove his possessions from the premises and in fact did remove most of them within this three-day period. However, respondent was unable to remove some ensilage, hay and straw at that time. On five different occasions shortly thereafter, respondent attempted to remove this remaining property from the farm but was prevented from doing so by appellant. Appellant claimed that respondent owed him money and, therefore, would deny respondent access to the premises for removal of the property until the account between them was settled.

Respondent instituted this action in claim and delivery and for damages sustained by reason of the appellant's wrongful conversion of respondent's property and also seeking punitive damages. Shortly after Christmas 1961, pursuant to an order of replevin served by the sheriff on appellant, respondent was able to recover his property from the farm. The appellant cross-claimed, seeking damages for: various debts allegedly owed to appellant by respondent; injuries to appellant's property caused by respondent; and personal injuries sustained because of respondent's attempted wrongful entries by force and threat of violence. The trial court, sitting without a jury, awarded respondent $500 damages but denied him punitive damages or attorney fees. The trial court denied appellant's cross-claims and entered judgment for respondent thereon. From that judgment appellant appeals.

 Seven of appellant's eight assignments of error relate to evidentiary questions. The eighth has not been discussed in the brief nor authorities cited in support thereof and we shall not consider it on appeal. Fish v. Fleishman, 87 Idaho 126, 391 P.2d 344 (1964). Three of these assignments challenge the trial court's denial of relief to appellant on his cross-claims. The trial court concluded "That the * * * cross-claims of the defendant against the plaintiff are not supported with sufficient evidence." This conclusion is sustained by the record and is affirmed.

 Appellant also contends that the trial court erred in finding that respondent was entitled to enter upon appellant's property for the purpose of recovering his crops;

that appellant's interference with respondent's right to possession thereof was improper; and that appellant did prevent respondent on five different occasions from recovering his property. These findings are supported by the record.

Appellant's last three assignments of error relate to the amount of damages awarded to respondent. The trial court found that respondent:

"* * * did expend and was required to expend reasonably the sum of $500.00 in his efforts and attempts to recover his personal property, said sum being expended and the reasonable cost of the use of equipment, labor and time on the part of the plaintiff and plaintiff's employees and/or agents. That said expenditure was reasonable and necessary for plaintiff to recover and obtain his personal property."

Appellant contends this finding is not supported by the evidence. Upon a careful review of the entire record, we agree with appellant's contention. The trial court in its findings of fact did not enumerate the specific amounts allegedly expended by respondent. The record reveals only the following:

On five occasions respondent traveled to the ranch in an attempt to remove his hay but was unsuccessful. He had two helpers on four of the trips and one helper on the other trip. These men "worked" on the average of four hours per day—a total of 36 hours in addition to respondent's time. Respondent testified that the rate for extra help to stack hay was $1.50 per hour. However, none of the three different helpers (who were also friends of respondent) were paid for the trips which were unsuccessful. In response to the question, "You owe these men these wages?" respondent answered, "Yes, Sir. I offered to settle, and they said, 'Wait and see how things come out.'" Assuming respondent is in fact liable for these wages, the total is $54.

Another element of respondent's damages is the rental of a truck on the occasions he attempted, unsuccessfully, to remove his hay. There is some question as to the mileage involved and the number of times a truck was "rented" (here, too, the owner of the truck, Ridinger, was a friend of respondent who has not been paid and has not rendered a bill or charge but claims that money is owed to him for its use). It appears Ridinger lives 25½ miles from the ranch where the hay was located and the truck was used four times—thus, each round trip was 51 miles. The rental rate was $5 for the first five miles and 40¢ a mile thereafter. On a basis of 204 miles, the total rental charge would be $93.60. Although respondent testified he used Ridinger's truck on all five trips, Ridinger stated it was used only four times. And, although respondent had moved to Buhl, 44½ miles from the ranch, and had to travel

that distance on each trip, there is no evidence of the expenses incurred in making those trips.

Other than what has been described above, the record is devoid of any evidence to support an award of $500 expense to respondent. The judgment awarding damages of $500 to respondent is vacated with directions to the trial court that it enter judgment for the respondent in the sum of $147.60.

As modified, the judgment is affirmed.

No costs allowed.

McFADDEN, C. J., and TAYLOR, SMITH and SPEAR, JJ., concur.