614 P.2d 960

**WALKER–SCHMIDT RANCH, a partnership composed of Margaret I. Hamilton, William G. Schmidt, and Lloyd J. Walker, partners and co-tenants, Plaintiffs-Appellants and Cross-Respondents,**

**v.**

**BLAINE COUNTY, a body politic and corporate of the State of Idaho, Defendant-Respondent and Cross-Appellant.**

No. 13021.

Supreme Court of Idaho

July 25, 1980.

Lloyd J. Walker of Walker & Associates, Twin Falls, for plaintiffs-appellants and cross-respondents.

R. Keith Roark, Blaine County Pros. Atty., Hailey, for defendant-respondent and cross-appellant.

DONALDSON, Chief Justice.

On April 22, 1971, defendant-respondent Blaine County adopted its first zoning ordinance and its first zoning map. Those ordinances established a 26 acre commercial district (C–1) immediately north of the City of Hailey, straddling U.S. highway 93. The land lying to the north and west of the commercial zone was classified as high density residential (R–1) and low density residential (R–2).

In December, 1971, plaintiff-appellant Walker-Schmidt Ranch, a partnership, purchased a tract of approximately 140 acres which had been owned by the Walker family for many years and which was located immediately north of the C–1 district. At that time, plaintiff's land was zoned R–1 and R–2.

Approximately two years after its purchase of this tract, the plaintiff requested a rezone of approximately 11.90 acres from the R–1 and R–2 classifications to C–1, commercial. This 11.90 acre parcel tract is the subject of this dispute. It lies north and west of the C–1 district, north of Hailey. Subsequently the plaintiff discovered that about 2.0 acres of the 11.90 were already zoned commercial. Plaintiff then sold the two commercially zoned acres. Therefore, only about 9.90 acres is actually at issue herein.

The subject property is undeveloped land. It is bounded on the east by U.S. highway 93 and on the south by a portion of the C–1 commercial zone. The remaining portion of the southern and western boundary is the R–1 high density residential zone. The property is bounded on the north by undeveloped land zoned R–2, low density residential.

The Blaine County Planning and Zoning Commission did not take any immediate action on the rezone application. Instead, by mutual agreement of the parties, action on the rezone application was deferred some fourteen months pending further commission work on the proposed Blaine County Comprehensive Plan.

On May 28, 1975, plaintiff asked that its rezone application be acted upon. Accordingly, the Planning and Zoning Commission considered plaintiff's rezone application at its meetings on June 5, 1975, and on July 8, 1975. Finally, at its meeting on July 15, 1975, the Blaine County Planning and Zoning Commission recommended denial of plaintiff's rezone application.

Plaintiff appealed the decision of the Planning and Zoning Commission to the Blaine County Board of Zoning Appeals which, on October 8, 1975, recommended denial of the rezone application.

Plaintiff then appealed the decision of the Board of Zoning Appeals to the Blaine County Board of County Commissioners. On January 26, 1976, the Board denied plaintiff's rezone application. No verbatim record was kept of the proceedings before the various governing bodies, nor were written findings of fact and conclusions made and entered in the record.

Plaintiff then appealed to the district court and instituted an action therein, challenging the county's denial of its rezone application and seeking damages, injunctive and declaratory relief. The case was tried to the court sitting without a jury and judgment was entered in favor of defendant county. Plaintiff appeals from the judgment and defendant has cross-appealed on the issue of the proper procedure for judicial review of a rezone denial.

**422**

It appears to the Court this appeal is squarely controlled by our recent decision in *Cooper v. Board of County Com'rs of Ada County,* 101 Idaho 407, 614 P.2d 947 (1980). Here, as in *Cooper,* the action of the Board in deciding appellants' application for rezone consisted of applying existing general rules or policies to specific individuals, interests or situation, and as such was quasi-judicial in nature. Because no transcribable verbatim record of the proceedings was kept, and because the governing body failed to make specific written findings of fact and conclusions upon which the decision was based, the denial of appellants' application for rezone cannot stand. *Cooper v. Board of County Comr's of Ada County, supra.*

In its cross-appeal, respondent seeks a determination as to the proper procedure for judicial review of a rezone decision. As we stated in *Cooper*:

> "Pursuant to I.C. §§ 67–6519 through 67–6521 of the Local Planning Act of 1975, which is now in effect, judicial review shall be sought and conducted in accordance with the provisions of I.C. §§ 67–5215(b) through (g) and 67–5216." *Cooper v. Board of County Com'rs of Ada County, supra* at 411, n.1, 614 P.2d at 951, n.1.

The judgment of the district court is reversed and the case is remanded to the district court with order to remand to the Board of County Commissioners for further proceedings in accordance with I.C. § 67–6501 et seq. and this opinion.

Our disposition of this matter makes discussion of the other issues raised by appellants unnecessary.

Costs to appellants. No attorney fees allowed.

SHEPARD and BISTLINE, JJ., and DUNLAP, J., Pro Tem., concur.

BAKES, Justice, concurring specially:

I concur with the action of the majority, which necessarily follows given the prior decisions of this Court in *Dawson Enterprises, Inc. v. Blaine County,* 98 Idaho 506, 567 P.2d 1257 (1977), and *Cooper v. Board of County Commissioners of Ada County,* 101 Idaho 407, 614 P.2d 947 (1980).

BISTLINE, Justice, concurring specially:

I would add that the outcome in *Dawson Enterprises, Inc. v. Blaine County* might have been different if the procedures set forth in *Cooper v. Board of County Commissioners* had been required at the time *Dawson* was decided.