623 P.2d 462

Angus HILL and Clementina Hill, Husband and Wife; William D. Nielsen and Anna M. Nielsen, Husband and Wife; and Raymond D. Inglin and Senia Inglin, Husband and Wife, Plaintiffs-Respondents,

v.

BOARD OF COUNTY COMMISSIONERS of Ada County, State of Idaho, and Ada County, Idaho, Defendants-Appellants.

No. 13091.

Supreme Court of Idaho.

April 20, 1981.

Jim C. Harris, Ada County Pros. Atty., John P. Connolly, Chief Civil Deputy Pros.

Atty., J. Kelly Wiltbank, Boise, for defendants-appellants.

William C. Roden, Boise, for plaintiffs-respondents.

DONALDSON, Justice.

Respondents Hills own certain real property in Ada County. On August 26, 1976, they made application for a rezone of this property from D–2 to parcels bearing C–1 and R–5 designations as prescribed by the Ada County Zoning Ordinance. This application progressed through the proper administrative channels and ultimately came before the appellant Ada County Board of Commissioners for determination. Following a public hearing on the matter, the board voted to deny the rezone request and formally advised respondents of their decision by letter. Following this notice, respondents filed a complaint in district court.

The district court, following a pretrial conference and a denial of appellant's motion to dismiss, issued a pretrial order which stated in part: "This case will be heard as an appeal by means of a trial de novo because the record of the hearing before the Board of County COmmissioners is inadequate for an appeal on the record as contemplated by Sections 67–6519 and 67–5215(f), Idaho Code." A memorandum decision subsequently issued which reversed the decision of the board. The board appeals the reversal.

We find that the district court did not err in treating respondents' complaint as an appeal and in citing to I.C. § 67–6519 [1] as controlling statutory authority for its review of the board's zoning decision. As this Court has recently stated in the cases of *Walker-Schmidt Ranch v. Blaine County*, 101 Idaho 420, 614 P.2d 960 (1980) and *Cooper v. Board of County Commissioners*, 101 Idaho 407, 614 P.2d 947 (1980):

"Pursuant to I.C. §§ 67–6519 through 67–6521 of the Local Planning Act of 1975, which is now in effect, judicial review shall be sought and conducted in accordance with the provisions of I.C. §§ 67–5215(b) through (g) and 67–5216." [2]

1. I.C. § 67–6519 of the Local Planning Act of 1975, provides in pertinent part:
   "An applicant denied a permit or aggrieved by a decision may within sixty (60) days after all remedies have been exhausted under local ordinance seek judicial review under the procedures provided by sections 67–5215(b) through (g) and 67–5216, Idaho Code."
   I.C. § 67–5216 deals with review by the Supreme Court and is not pertinent to the instant case.

2. The complete I.C. § 67–5215 provides:
   "Judicial review of contested cases.—(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency other than the industrial commission or the public utilities commission is entitled to judicial review under this act. This section does not limit utilization of or the scope of judicial review available under other means of review, redress or relief provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
   (b) Except when otherwise provided by law, proceedings for review are instituted by filing a petition in the district court of either the county in which the hearing was had or the county in which the final decision of the agency was made, within 30 days after the service of the final decision of the agency or, if a rehearing is requested within 30 days after the decision thereon.
   (c) The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.
   (d) Within 30 days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require subsequent corrections to the record and may also require or permit additions to the record.
   (e) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decisions by reason of

*Walker-Schmidt, supra* 101 Idaho at 422, 614 P.2d at 962; *Cooper, supra* 101 Idaho at 411, n. 1, 614 P.2d at 951, n. 1.

However, in looking to I.C. § 67–5215(b) through (g), we find that there is no provision made for a trial de novo. The district court may stay the board decision and admit additional evidence before the board for good cause shown but subsection (g), ultimately limits the court to either affirming the board decision, remanding for further proceedings, or reversing and modifying if substantial rights of the appellant have been prejudiced. I.C. § 67–5215(a), which would permit other means of review, is specifically excluded in I.C. § 67–6519, *see* footnotes 1 and 2, *supra*. Thus, a trial de novo is not a possible course of action.

Accordingly, we reverse the judgment of the district court and remand with directions for further proceedings in accordance with I.C. § 67–5215(b) through (g).

BAKES, Chief Justice, concurring specially:

I concur with the action of the majority, which necessarily follows given the fact that the Court's dictal footnote in *Cooper v. Board of County Comm'rs of Ada County,* 101 Idaho 407, 411, 614 P.2d 947, 951 (1980), was elevated to law, with little discussion, in *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 614 P.2d 960 (1980). There is no language in the Local Planning Act of 1975 which expressly requires application of I.C. §§ 67–5215(b) through (g) and 67–5216

the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
(f) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision

to rezone applications. Given that fact, it would have been better if sometime we had analyzed this issue before assuming that the appeal provisions of the Administrative Procedure Act applied to rezoning applications.

if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) in violation of constitutional or statutory provisions;
(2) in excess of the statutory authority of the agency;
(3) made upon lawful procedure;
(4) affected by other error of law;
(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.''