655 P.2d 926

**WORKMAN FAMILY PARTNERSHIP, a partnership; and John Price Development, Inc., a corporation, Plaintiffs-Respondents,**

v.

**CITY OF TWIN FALLS, a municipal corporation, Defendant-Appellant.**

No. 14360.

Supreme Court of Idaho.

Dec. 20, 1982.

Susan Swanberg, Twin Falls, for defendant-appellant.

Robert C. Paine and Thomas G. Nelson, Twin Falls, for plaintiffs-respondents.

BISTLINE, Justice.

The Workman Family Partnership has its principal place of business in the city of Twin Falls, Idaho. John Price Developers, Inc. (John Price) is a corporation doing business in the State of Idaho and was, at the time the action in this case was filed, a party to a contract to lease a certain piece of property from the Workman Family Partnership.

In January of 1981 John Price submitted an application to the City of Twin Falls to have the leased property rezoned. The property in question consists of approximately 38 acres, seven of which are located within the City and are zoned "Medium-Density Residential" (R–2). This seven-acre parcel is abutted by property which is also located within the City and zoned R–2. The remaining 31 acres are located outside the city limits in the county of Twin Falls. These are within the City's Area of Impact, over which the City has limited jurisdiction. This 31-acre parcel is zoned "County Commercial" (C–1). The application by John Price requested that the entire 38 acres be zoned "Commercial-Planned Unit Development" (C–1 PUD).

On February 24, 1981, a public hearing was held before the Twin Falls Planning and Zoning Commission on the application for the zone change. The Commission voted to recommend that the request for the change of zone be granted and forwarded its recommendation to the City Council. On April 6, 1981, a public hearing on the matter was held before the City Council, at which the Council voted to deny John Price's application to rezone the property. A letter dated April 8, 1981 and signed by LaMar N. Orton, Community Development Director, contains the Council's reasons for the refusal to rezone. This letter, plaintiff's exhibit 11 in the district court, lists these reasons as follows:

"1. Too great of change from an R–2 Zoning District to a C–1 Zoning District.

"2. Residential property to the south of the proposed mall would be adversely affected by devaluation of property values.

"3. A rezone would violate the integrity of existing residential zoning districts."

On May 5, 1981, John Price and Workman Family Partnership (the Developers) filed in the district court a complaint seeking declaratory relief. The City filed its answer, and the district court ruled that the case would be heard as an appeal under the Administrative Procedure Act (APA), I.C. §§ 67–5201 to –5218.[1] The court also ruled that the Developers were entitled "to produce as evidence matters of public record with defendant City of Twin Falls at the time that plaintiffs' application for zone change was denied." The court went on to state: "In that regard the court has received a Stipulation between plaintiff and defendant City of Twin Falls enumerating certain facts relating to the public records of defendant City of Twin Falls."

The stipulation contained information about the City Council's prior approval of applications for rezoning by other developers. The stipulation provided that in the event the court found that the prior actions of the City with respect to two other developers (General Growth, Inc. and Woodbury, Inc.) were relevant, the following facts would be stipulated to be true and correct:

"3. Prior to the application of General Growth, Inc., the Oren Boone property was zoned 'County Agricultural'. An application was made by General Growth, Inc., to annex into the City of Twin Falls the Oren Boone property with a zoning designation of 'C–1 PUD' and 'R–4 PUD'. The application of General Growth, Inc., was granted by the City of Twin Falls.

"4. Woodbury, Inc., filed an application with the City of Twin Falls to have certain property owned by John Breckenridge, the east 300 feet of which was zoned 'County Commercial Local' and the remainder of which was zoned 'County Residential Medium Density', annexed into the City with a zone designation of 'C–1 PUD'. The application of Woodbury, Inc., was granted by the City of Twin Falls."

On August 28, 1981, the district court entered a Memorandum Decision, holding that the acts of the Twin Falls City Council were arbitrary and capricious. In addition the court stated:

"The council's decision is not supported by specific written findings of fact and conclusions of law and it appears to this Court to be clearly erroneous in light of the evidence presented. The council's decision cannot stand; it is hereby reversed and the matter is remanded with the direction that the application for rezone be granted."

The City appeals this decision.

## I.

### A.

The City initially argues that the trial court's review of this matter should have been confined to the evidence that was originally before the Twin Falls City Council, and that since evidence contained in the stipulation was not before the Council, the court erred in considering such evidence. The City further argues that because the evidence of the Council's prior approval of other applications was not in the original record, the only way the trial court could consider such evidence was if it remanded the case to the Council pursuant to I.C. § 67–5215(e).[2] We reject the City's argument for two reasons.

---

1. The district court was correct in ruling that the review of the denial of the application to rezone the property is governed by the procedures set forth in I.C. § 67–5215(b) through (g). *Hill v. Board of County Commissioners,* 101 Idaho 850, 623 P.2d 462 (1981); *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 614 P.2d 960 (1980); *Cooper v. Board of County Commissioners,* 101 Idaho 407, 614 P.2d 947 (1980).

2. I.C. § 67–5215(e) provides:

"If, before the date set for hearing, application is made to the court for leave to present

[2, 3] First, the City's argument ignores the fact that the evidence to which it now objects was stipulated into evidence by the City itself. As a general rule parties who enter into a stipulation are bound thereby. *Call v. Marler,* 89 Idaho 120, 403 P.2d 588 (1965). While the trial court under certain circumstances may relieve a party from stipulations which they have entered into judicial proceedings, the City never sought such relief in the district court. In fact, at no point in the proceedings before the district court did the City object to the court's consideration of the evidence contained in the stipulation. Ordinarily an objection not made in a proceeding below will not be considered on appeal. A litigant may not remain silent as to claimed error during a proceeding below and later raise objections for the first time before this Court. *Hoppe v. McDonald,* 103 Idaho 33, 35, 644 P.2d 355, 357 (1982); *see Bradford v. Simpson,* 97 Idaho 188, 541 P.2d 612 (1975).

[4] Second, the stipulated evidence was information of public record at the time of the hearing before the City Council. Although specific evidence of the prior approval of the applications of General Growth and Woodbury was not presented at the hearing before the Council, references to the Council's prior actions appear in the transcript of the proceedings before the Planning and Zoning Commission. That transcript was included in the record transmitted by the City Council to the district court. In addition, there can be no doubt that the Council was aware of its own previous actions of approving the applications. In fact, one City Council member's zoning action sheet contains a reference to the fact that two other malls had been or would be developed in the same area. There was no reason for the district court to order that the evidence of the approval of the prior applications first be

presented to the Council, since the Council was aware of the evidence and the evidence was brought to its attention in the original proceeding. Since there was no reason to justify relieving the City Council from the stipulation, it was proper for the district court to consider the parties' stipulation.

### B.

The City argues that, under the terms of the stipulation, before the district court could consider the evidence contained therein it was required to make a determination of the relevancy and admissibility of the prior approval of the zoning applications of other developers, and that it failed to do so. In addition, the City argues that the evidence of the prior approval of other applications is in fact irrelevant since the approval of such applications does not establish a binding precedent with regard to granting additional applications, *see* I.C. § 67–6512. Thus, the City contends that even if the district court could properly consider evidence not originally presented before the City Council, it erred in considering evidence of the approval of prior applications.

[5] While no specific finding with regard to the relevancy and admissibility of the information contained in the stipulation is set forth in the record, the terms of the stipulation do not require such an express finding by the court. The stipulation only requires that the court make a determination of the relevancy and admissibility of the Council's prior actions. Implicit in the court's order allowing the evidence contained in the stipulation to be admitted is a determination that the evidence was relevant and admissible. We find no error in the fact that there is no specific finding of relevance in the record.

[6] We agree with the district court's implicit determination that the evidence

---

additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken

*104 Idaho Reports—3*

before the agency upon conditions determined by the court. The agency may modify its findings and decisions by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court."

was relevant. Although it may be true that the prior approval of other applications for rezoning does not establish a binding precedent, it does not follow that evidence of this nature is not relevant. The question of the relevancy of the evidence is controlled by this Court's decision in *Herzog v. City of Pocatello,* 83 Idaho 365, 363 P.2d 188 (1961). (*Herzog* II)[3] In *Herzog* II we stated:

"Appellant objected to the admission in evidence of the majority of said exhibits [concerning the prior activity of the City Council of the City of Pocatello with respect to the refusal of a zoning application] on the grounds that they were immaterial, incompetent and irrelevant and had no probative value in this issue. This Court has expressed the view that in determining the question of the reasonableness or unreasonableness of a municipal ordinance, all existing circumstances or contemporaneous conditions, the objects sought to be obtained, and the necessity or lack thereof for its adoption will be considered by this Court. *Continental Oil Co. v. City of Twin Falls,* 49 Idaho 89, 286 P. 353; *White v. City of Twin Falls,* 81 Idaho 176, 338 P.2d 778." *Id.* at 370, 363 P.2d at 190.[4]

## II.

The City argues that the district court erred in two respects in ordering the Council to grant the rezone. First, the City contends that the case should have been remanded to the City Council for additional findings of fact and conclusions of law.[5] Second, the City contends that even if remand was not necessary in this case, the court erred in finding that the decision of the Council was arbitrary and capricious.

Because we agree with the City's first contention, we need not address the latter.

In *Cooper v. Board of County Commissioners,* 101 Idaho 407, 614 P.2d 947 (1980), this Court held that the denial by a county board of commissioners of a rezone application was a quasi-judicial act requiring procedural due process. The Court found that the proceedings of the board in *Cooper* had not afforded the appellants the process to which they were entitled, "[b]ecause the board failed to provide notice of its second meeting regarding appellants' application; because no transcribable verbatim record of the proceedings was kept; and because the board failed to make specific findings of fact and conclusions upon which its decision was based ...." *Id.* at 411, 614 P.2d at 951. In *Cooper* the Court remanded the case to the Board of County Commissioners for further proceedings. A similar result was reached in *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 422, 614 P.2d 960, 962 (1980), when the Court reversed and remanded the case "[b]ecause no transcribable verbatim record of the proceedings was kept, and because the governing body failed to make specific written findings of fact and conclusions upon which the decision was based ...."

■ These cases stand for the obvious proposition that in order for there to be effective judicial review of the quasi-judicial actions of zoning boards, there must be a record of the proceedings and adequate findings of fact and conclusions of law. In this regard, we agree with the statements of the Supreme Court of Oregon in the case of *South of Sunnyside Neighborhood League v. Board of Commissioners,* 280 Or. 3, 569 P.2d 1063, 1076–77 (1977):

---

**3.** In *Herzog I, Herzog v. City of Pocatello,* 82 Idaho 505, 356 P.2d 54 (1960), the Court held that the owners of property adjoining or adjacent to property subject to a petition for rezoning, who alleged that if the property in question were rezoned they would be damaged and that the proximity of their property to that in question gave them a substantially different interest from the interest of the defendant city as a whole, were entitled to intervene in an action to compel zoning.

**4.** *Herzog II* was decided in 1961 prior to the adoption of the APA and prior to this Court's holding that cases such as this should be heard by the district court under the APA rather than as a trial *de novo. See* note 1, *supra.* However, the reasoning of the Court with regard to the relevancy of circumstances existing at the time of the hearing remains persuasive.

**5.** In her arguments to the district court and this Court, counsel for the city conceded that the city did not produce adequate findings of fact.

" 'If there is to be any meaningful judicial scrutiny of the activities of an administrative agency—not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis—we must require that its order clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes. Brevity is not always a virtue. * * * '

. . . .

"We wish to make it clear that by insisting on adequate findings of fact we are not simply imposing legalistic notions of proper form, or setting an empty exercise for local governments to follow. No particular form is required, and no magic words need be employed. *What is needed for adequate judicial review is a clear statement of what, specifically, the decisionmaking body believes, after hearing and considering all the evidence, to be the relevant and important facts upon which its decision is based. Conclusions are not sufficient.*

"We do not believe the requirement of adequate findings and reasons imposes an excessive burden on the governing body or its staff. In contested land-use proceedings involving significant changes and the presentation of large amounts of conflicting evidence, the major proponents and opponents of the change will frequently be represented by counsel. In such cases it would be quite proper for the governing body to request the parties to prepare and submit proposed findings which could be reviewed and used, as appropriate, in preparing its own final order." (Emphasis added.)

■ In this case, contrary to the mandate of *Cooper* and *Walker-Schmidt Ranch*,[6] no formal findings of fact and conclusions of law were prepared by the City Council.[7] A summary of the reasons for the denial of the Developers application for a rezone are contained in a letter dated April 8, 1981, and signed by LaMar N. Orton, Community Development Director. This letter, which was sent to the Developers following the public hearing on the rezone, states:

"Reasons for the refusal to rezone are as follows:

1. Too great of change from an R–2 Zoning District to a C–1 Zoning District.

2. Residential property to the south of the proposed mall would be adversely affected by devaluation of property values.

3. A rezone would violate the integrity of existing residential zoning districts."

Nothing in the record, however, indicates that this letter was authorized by the City Council. In addition, an examination of the zoning action sheets filled out by the Council members reveals that this letter contains only a few of the reasons given by individual Council members for denying the application for a rezone. In addition to the reasons contained in the letter, these action sheets reveal Council members' conclusions that (1) the development would violate the integrity of existing residential zoning, (2) a buffer was needed between the residential subdivision and the planned commercial development, (3) it was inappropriate to have such a commercially intensive project contiguous to the college and a good single family residential subdivision, and (4) there would be more traffic on Blue Lakes Avenue as a result of the development.

6. *Cooper* and *Walker-Schmidt Ranch* were decided in 1980, prior to the time of the hearing before the City Council in this case.

7. Furthermore, it is doubtful whether the City Council complied with section 10–14–7 of the Twin Falls Zoning Ordinance which requires

the Commission to specify the following when granting or denying an application.

"(A) The regulations and standards used in evaluating the application.

"(B) The reasons for approval or denial.

"(C) The actions, if any, that the applicant could take to obtain a permit."

In reversing the decision of the City Council, the district court treated the zoning action sheets and the letter sent by Orton as the Council's findings of fact. The zoning action sheets, however, do not contain, or even purport to contain, the Council's findings and conclusions. They merely contain the personal inclinations of each individual Council member. Similarly, the letter sent by Orton does not represent the Council's findings and conclusions. Although the three reasons listed in the letter as the basis for the Council's decision were reasons listed by some of the individual Council members as reasons for denying the application, there is nothing in the record which demonstrates that the Council decided these three reasons would serve as the basis for its decision. Under the circumstances, we believe the district court erred in treating the zoning action sheets and the letter sent by Orton as the Council's findings of fact.

Even assuming that the letter sent by Orton and the zoning action sheets represent the findings and conclusions of the Council, it is clear that they do not satisfy the mandate of this Court in *Cooper*, which requires zoning agencies engaged in quasi-judicial action "to make specific written findings of fact and conclusions upon which its decision [is] based." 101 Idaho at 411, 614 P.2d at 951.

The reasons listed for the denial of the application in the letter sent by Orton are basically conclusions. Nothing in the letter reveals the underlying facts or policies that were considered by the Council. The reasons listed in the zoning action sheets are likewise conclusory, and they provide very little insight into the Council's decision. Taken together, the letter and the zoning action sheets clearly do not constitute specific written findings of fact and conclusions upon which the Council's decision is based. We agree with the statements of the court in *South of Sunnyside, supra*:

"Findings like those we have quoted do not provide an adequate basis for judicial review. Judicial review on those terms would be likely to be either an empty formality or a substitution of the court's judgment for that of the proper decision-making body. Even apart from judicial review, they do not assure the identification of criteria and the attention to factual assumptions that is one of the main functions of findings." 569 P.2d at 1077.

The respondents argue that the district court had the authority to reverse the Council's decision and to order the Council to grant its application for a rezone under I.C. § 67-5215(g), which provides in part:

"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

. . . .

"(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

"(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

We do not agree with the contention of the respondents.

If there are no findings of fact and conclusions in the record, of course, there is no way for a reviewing court to determine whether an agency's findings and conclusions are arbitrary and capricious or clearly erroneous. Similarly, in the ordinary case, it will be impossible to determine whether the agency's decision itself is arbitrary and capricious or clearly erroneous in the absence of the specific written findings and conclusions mandated by *Cooper*. Thus, as a general rule, in circumstances such as these in which there are no findings or the findings are clearly inadequate, the district court should at least initially remand the case to the agency.[8] To hold otherwise

8. We express no opinion on the issue of whether remand would be necessary in a case in which an agency refuses to comply with the orders of a district court.

would be to authorize the district court to substitute its judgment for that of the agency despite the express provision prohibiting such action in I.C. § 67–5215(g). Furthermore, this Court's decision in *Cooper* that a denial of a rezone application is a quasi-judicial act which requires procedural due process, cannot be read as authorizing district courts to interfere with the substantive decision making process in rezoning cases such as this one. To sanction such interference in the ordinary case would undermine the important role local agencies play in the land use planning process and possibly negate meaningful participation by the public in the decision making process. *See* Note, 17 Idaho L.Rev. 149, 169–72 (1980).

In this particular case, on these peculiar facts, we hold that the district court was not justified in ordering the City to grant the developers' rezone request. The decision of the district court is therefore reversed and this case is remanded to the district court with instructions to remand to the Twin Falls City Council for further proceedings in accordance with this opinion.

No costs allowed.

*Reversed and remanded.*

BAKES, C.J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.

McFADDEN, J., registered his vote prior to his retirement August 31, 1982.