670 P.2d 54

## YELLOWPINE WATER USER'S ASSOCIATION, an Idaho Corporation, Plaintiff-Respondent,

v.

## Dave IMEL and Lynnea Imel, husband and wife, Defendants-Appellants.

### No. 14313.

Supreme Court of Idaho.

Sept. 23, 1983.

---

Jean R. Uranga, Boise, for defendants-appellants.

Allen R. Derr, Boise, for plaintiff-respondent.

## ON DENIAL OF PETITION FOR REHEARING

SHEPARD, Justice.

This is an appeal from a judgment for alleged unpaid assessments for water use, together with costs and attorney fees, and which denied defendants-appellants' counterclaim under the Idaho Consumer Protection Act. We affirm in part and reverse in part.

At one time much of the land in Yellow Pine, Idaho was owned by Fay and Iva Kissinger, who built a water delivery system and then subdivided the land and sold individual lots. Under the terms of the Kissingers' federal water permit, they could not sell water but rather they charged lot owners for maintenance of the water delivery system. The water system was incorporated and was regulated by the Idaho Public Utilities Commission, which set water rates as $5 per month during the summer, $1 per month during the winter months, and a connection charge. The Imels purchased lots in Yellow Pine, obtained a water connection, and paid a $36 annual water charge in 1974, 1975 and 1976.

In 1975, the corporation applied for a rate increase to the P.U.C.; which increase was

refused until the corporation filed proper tariffs, notified its customers that they need not pay in advance, that they need not pay for water service not received, and that they had the right to temporarily discontinue service upon the payment of a disconnect fee. The Water System never complied with that order and the Kissingers were threatened by the P.U.C. with fines and jail terms for non-compliance. In 1976, the corporation purportedly donated the water system to the town of Yellow Pine and it became the Yellow Pine Water User's Association, a non-profit corporation, primarily for the purpose of being released from P.U.C. jurisdiction. That transfer of assets of the Water System was approved by the P.U.C.

In late June 1977, customers of the Water System were informed of the transfer and that they would be paying higher rates for water service, which higher rates would be effective as of *January 1, 1976, i.e.,* retroactive one and one-half years prior to the notice. Among other matters in the notice was an untrue statement indicating that the retroactive rate increase had been authorized by the P.U.C. Together with the notice, the Imels received a bill for $204, *i.e.,* for 1976, an additional $24 charge on three lots, and an additional $60 charge on a lot to which water was not furnished; for 1977, $60 for the three lots and an additional $60 for the lot to which water was not furnished. After checking with the P.U.C., Imel believed he was being overcharged. In July 1977, customers were notifed that if their bills were not paid by September 1, 1977, their water would be disconnected. Following a dispute between Imel and Kissinger at a Yellow Pine town meeting during August 1977, Imel's water line was disconnected. Thereafter, and prior to the institution of this action, Imel tendered $26 as payment for his water service through July. That tender was refused and a payment of $272.23 was demanded by Yellow Pine.

Yellow Pine filed the instant action demanding $384, which amount was allegedly due for water service during 1976, 1977 and 1978, to which Imels responded with a general denial and a counterclaim for deprivation of use of their property and $10,000 in punitive damages for violation of the Idaho Consumer Protection Act, I.C. § 48–608(1). At the beginning of trial, Yellow Pine reduced its demand to $234.

Following trial before the magistrate court, Imels were found liable for $26 in fees for 1977, a disconnect charge of $30, costs in the amount of $318, and attorney fees in the amount of $700. The magistrate found against Imels on their counterclaim on the basis that they had not shown a loss as a result of any deceptive practice. On appeal to the district court, the decision of the magistrate was affirmed. However, the cause was remanded for an explanation of the magistrate's award of attorney fees and the magistrate then concluded that attorney fees were awardable under I.C. § 12–120(2), relating to the purchase and sale of goods, wares or merchandise.

On this appeal, there is no assertion that the award of $26 to Yellow Pine was erroneous and therefore we deem that part of the appeal abandoned and affirm that portion of the judgment. *See Lomas & Nettleton Co. v. Tiger Enterprises, Inc.,* 99 Idaho 539, 585 P.2d 949 (1978); *Chugg v. Chugg,* 94 Idaho 45, 480 P.2d 891 (1971); *Harmon v. Noland,* 90 Idaho 494, 413 P.2d 897 (1966).

■ Appellants Imel assert error in the rejection of their counterclaim and urge that they have suffered compensible damage under *State ex rel. Kidwell v. Master Distributors,* 101 Idaho 447, 615 P.2d 116 (1980). In *Master Distributors,* the State sought to enjoin the continuance of practices which had a tendency or capacity to deceive and also sought restitution for those consumers who had purchased the goods. We held such enjoining permissible and held there existed discretionary authority to award restitutionary relief on behalf of those who have paid money as a result of the unfair or deceptive practices, I.C. § 48–607. However, under I.C. §§ 48–603 and 48–608(1), when an *individual* brings an action under the act, he must suffer some "ascertainable loss of money or property

... as a result of the use or employment by another person of a method, act or practice" which is misleading, false or deceptive or otherwise prohibited by the act. Thereafter, a consumer is entitled to a statutory damage award of $500 or his actual damages, whichever is greater. I.C. § 48–608(1). When a consumer merely pays an existing legal obligation, he does not suffer damages although there may be involved deceptive acts or practices. *Wiginton v. Pacific Credit Corp.,* 2 Hawaii App. 435, 634 P.2d 111 (1981); *Ai v. Frank Huff Agency, Ltd.,* 61 Hawaii 607, 607 P.2d 1304 (1980). Here the Imels suffered no "ascertainable loss" because they had paid no amount exceeding $26, their admitted legal obligation.

The magistrate found the relationship between the Imels and Yellow Pine rested upon an implied contract. We find no error in that holding. However, such implied contract does not support the award to Yellow Pine of the $30 disconnect fee. At the initiation of the relationship between the Imels and Yellow Pine, the P.U.C. governed Yellow Pine's rates; such rates therefore govern the terms of the implied contract. At that time, the P.U.C. did not allow Yellow Pine a fee for involuntary disconnection for nonpayment of a water bill. One party cannot unilaterally change the terms of a contract and attempts to add terms without the consent of all parties are ineffectual. *Fauss Const., Inc. v. City of Hooper,* 197 Neb. 398, 249 N.W.2d 478 (1977); *Guy v. Pine, Inc. v. Chrysler Motors Corporation,* 201 Kan. 371, 440 P.2d 595 (1968); *see Craig v. Kessing,* 297 N.C. 32, 253 S.E.2d 264 (1979). We therefore reverse that part of the judgment relating to the $30 disconnect fee.

Appellants Imel assert next that the award of costs and attorney fees to Yellow Pine was error.[1] We agree. First, we hold that Yellow Pine is not a prevailing party. It made an excessive demand, *i.e.,* $384 (amended at trial to $234), although the proper amount due, *i.e.,* $26, had been tendered. *See Hutchinson v. Kelton,* 99 Idaho 866, 590 P.2d 1012 (1979). Second, we note that the magistrate awarded attorney fees as a matter of right under I.C. § 12–120(2) as a recovery on a "contract relating to the purchase or sale of goods, wares or merchandise ..." By the terms of its water permit, Yellow Pine was not allowed to sell water and it charged only for maintenance of the water system. Hence, no sale of goods, wares or merchandise was involved.

The cause is affirmed in part, reversed in part and remanded with instructions that a judgment be entered in favor of Yellow Pine in the amount of $26. No costs or attorney fees at the magistrate or district court level are awarded to either party. On this appeal, costs but no attorney fees are awarded to appellants Imel.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.

---

1. The appeal herein is from the order of the district court, which did not include an affirmation of the magistrate's award of attorney fees. Nevertheless, the issue has been raised and argued on appeal by both parties. Hence, we treat and dispose of this issue as though it were properly raised.