672 P.2d 1044
**Richard CLOW and Nickie Clow, husband and wife, Plaintiffs-Respondents,**

v.

**BOARD OF COUNTY COMMISSIONERS OF PAYETTE COUNTY, Defendant-Appellant.**

**No. 13962.**

Supreme Court of Idaho.

Oct. 5, 1983.

Rehearing Denied Dec. 5, 1983.

Bert L. Osborn, Deputy Pros. Atty., Payette, for defendant-appellant.

Richard H. Greener of Clemons, Cosho & Humphrey, Boise, for plaintiffs-respondents.

DONALDSON, Chief Justice.

Richard Clow, the respondent, purchased 10.98 acres of land in Payette County located about ⅞ths of a mile west of New Plymouth. On December 14, 1978, Mr. Clow met with the Payette County Planning and Zoning Commission and requested that they approve his plan to subdivide the property into one-acre parcels. No action was taken at this time. On December 18, 1978, he filed a document entitled "Preliminary Subdivision Map" with the Court Clerk. Earlier that day the Commission adopted an emergency zoning ordinance and moratorium rezoning the land from residential to agricultural.

On February 26, 1979, the Payette County Commissioners declined to review the application on the basis that it first had to be submitted to the city of New Plymouth because the proposed subdivision was within the city's impact area. Mr. Clow then met with the New Plymouth Mayor and the Planning and Zoning Commission and they issued a letter of approval, but on March 19, 1979, the Payette County Commissioners informed Mr. Clow that the city of New Plymouth had revoked its letter of approval, and therefore, the Board could not go ahead and approve the preliminary plat. In a written denial of the request the Commission stated that "[t]he Board feels that there is some question whether the application was properly filed and some question whether the application together with the drawings comply with the Payette County Subdivision Ordinance (Ordinance 19). However, to expedite this matter, the Board does not feel that it is necessary to reach a decision in those issues." The Board then went on to refuse the request because Mr. Clow did not have the approval of New Plymouth and after the moratorium it was also necessary to file an application to rezone the property from agricultural to residential.

Mr. Clow then filed suit in the district court, seeking a declaratory judgment. The parties later agreed that it would be heard as an appeal from an administrative agency and an order by the district court was entered accordingly. The parties also stipulated that the issues would be:

"(1) Whether or not the order was valid and legal, which was dated March 19, 1979, and in which the Commissioner's [sic] denied approval of the Plaintiff's application, upon the grounds that the City of New Plymouth had not first given it's [sic] approval after legal notice and required public hearings.

"(2) Whether or not the Plaintiff properly filed his application and preliminary plat in compliance with the Payette County Subdivision Ordinance."

The district judge stated at the beginning of the hearing that "the case was to continue as an administrative appeal from the county agency" and reiterated the issues that the parties would be confined to on appeal. The judge then admitted into evidence exhibits and testimony, and then set forth findings of fact and concluded that "Ordinances 19 and 20 of Payette County[,] Idaho, were from their inception and now null and void and are now of no force and effect." The Board of County Commissioners appealed this decision.

■ A review of the record indicates that the district judge apparently relied on I.C. § 67–5215(f) for authority to hear additional evidence. I.C. § 67–5215(f) states:

"The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs."

Generally, as seen by the language set forth in I.C. § 67–5215(f), a review is confined to the record unless there are alleged procedural irregularities before the agency and under those circumstances the statute states that proof may be taken in the court. In this case, however, the issues were limited and no procedural irregularities before the agency were alleged by the parties before or during the appeal hearing. Because

of this, the trial court erred in relying on I.C. § 67–5215(f) to admit additional evidence, and enter findings of fact and conclusions of law.[1] In situations where no procedural irregularities before the agency are alleged and the case is heard as an administrative appeal, the hearing must be confined to the record. *See Hill v. Board of County Commissioners,* 101 Idaho 850, 623 P.2d 462 (1981); *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 614 P.2d 960 (1980); *Cooper v. Board of County Commissioners,* 101 Idaho 407, 614 P.2d 947 (1980). Admitting additional evidence when procedural irregularities are not alleged in essence results in a trial de novo and this Court has stated that on an appeal from an administrative agency "a trial de novo is not a possible course of action." *Hill v. Board of County Commissioners,* 101 Idaho 850, 852, 623 P.2d 462, 464 (1981). Therefore, we reverse the judgment of the district court and remand with directions for further proceedings in accordance with I.C. § 67–5215(b) through (g). *Hill, supra; Walker-Schmidt Ranch, supra; Cooper, supra.*

Costs to appellant.

No attorney fees on appeal.

SHEPARD, BAKES and HUNTLEY, JJ., concur.

BISTLINE, Justice, concurring and dissenting.

If I were an editor employed to write headnotes for West Publishing Company, I would synopsize the holding of the Court's opinion thusly:

"On appeal to the district court from an administrative decision in a contested case, the district court's review, pursuant to I.C. § 67–5215, is limited to the record before the agency except in cases in which procedural irregularities before the agency are alleged."

And if I were an Associate Justice on the Idaho Supreme Court and read the Court's opinion without having read the briefs of the parties I would concur in that holding. However, having reviewed the briefs of counsel it seems to me that the opinion hinges on a procedural matter not raised by either party on appeal, and that the issues raised on appeal have not been addressed. Appellant designated these as the issues:

"1. Does inadequacy of title render Ordinances 19 and 20 invalid?

"2. Does the possibility that Ordinance No. 20 and the changes in Ordinance 19 were never published invalidate them?

"3. Does the fact that no zoning map was ever enacted invalidate Ordinance Nos. 19 and 20?

"4. Is the emergency moratorium void because the Commissioners made no statement in writing or otherwise as to the reasons for adopting it?

"5. Can the county Commissioners refuse to approve a proposed subdivision without city approval, where the city has jurisdiction?"

Respondents' statement of the issues was basically the same.

If I am in error in believing that the Court has disposed of the appeal without addressing the issues which the parties thought were controlling, I concur in the Court's opinion. If I am not in error, then I dissent, remaining of the conviction that, other than on jurisdictional grounds, a party is not entitled to prevail on appeal on an issue which was not assigned as error. The Court often does otherwise, but it is an improper practice, and was not always so in Idaho.

### ON DENIAL OF PETITION FOR REHEARING

DONALDSON, Chief Justice.

Plaintiffs-respondents filed a Petition for Rehearing contending that this Court's opinion failed to take into consideration a stipulation entered into by the parties. Respondents argue that the parties had agreed that additional evidence would be introduced at the district court level, and there-

---

1. The only procedural error found by the district court concerned the ordinances' publica- tion and it had no bearing on procedural irregu- larities that take place before the agency.

fore, the decision of this Court, holding that the district court erred in admitting additional evidence and entering findings of fact and conclusions of law, should be reconsidered.

■ As stated in the Court's opinion, according to I.C. § 67–5215(f), "a review [of the type involved here] is confined to the record unless there are alleged procedural irregularities before the agency." *Clow v. Board of County Commissioners,* 105 Idaho 714, 672 P.2d 1044 (1983). In any case in which no procedural irregularities are alleged, a party may, pursuant to I.C. § 67–5215(e), request a leave of the district court to present additional evidence. However, if the district court grants such a request, the additional evidence must "be taken before the *agency.*" I.C. § 67–5215(e) (emphasis added).

■ Apparently, it is respondents' contention that these procedural statutes may be circumvented by an agreement of the parties. We *disagree.* The general rule is that parties may not, by agreement, "waive or abrogate the requirements of statutes or rules of trial or appellate courts adopted to promote the expeditious and orderly hearing of causes; nor can the parties by stipulation require the court to do something which is not within its power." 83 C.J.S. *Stipulations* § 10 a. (1953). *See also Smithart v. Sportsman,* 614 S.W.2d 320 (Mo.Ct. App.1981) (court not bound by stipulation which provides issue be determined contrary to rules); *Stone v. Briggs,* 112 Vt. 410, 26 A.2d 828 (1942) (the parties can not by stipulation require the court to do something that is not within its power). Therefore, the Petition for Rehearing is denied.

SHEPARD, BAKES and HUNTLEY, JJ., concur.

BISTLINE, Justice, dissenting from opinion of October 5, 1983, and dissenting from denial of petition for rehearing.

The petition for rehearing should be granted. As forecast in my opinion of October 5, 1983, and as made abundantly clear by the petition for rehearing, the majority opinion of October 5 did duck the issues decided by the trial court and raised on the appeal.

Compounding such error in appellate jurisprudence, the majority now avoids the issue squarely presented on the petition for rehearing. The parties *did* stipulate to the procedure, which was followed. The majority's view is that parties cannot do so, citing a broad general statement from Corpus Juris Secundum and one case from the Missouri Court of Appeals which here stands for nothing:

"So far as can be determined from the record, the alleged error in awarding attorney fees was not called to the attention of the trial court for corrective action, no appeal was taken therefrom; Rule 84.04, on the content of briefs, and Rule 81.04 on "Appeals When and How Taken", have not been complied with. This court, clearly, is not bound by a stipulation entered into between the parties which in effect provides that an issue be determined on appeal in a manner contrary to its own rules. Under the circumstance the point has not been preserved for review."

*Smithart v. Sportsman,* 614 S.W.2d 310, 322 (Mo.App.1981).

Counsel for respondents will likely not see either the general statement or the Missouri case as any authority for the majority's denial of their petition. The Missouri case clearly cuts against the action today taken by the Court. The Missouri appellate court simply held that it was not bound by a stipulation of parties changing appellate procedure. On the other hand, as is clearly and concisely pointed out by respondents in their petition for rehearing, Judge Norris *accepted* the stipulation and court and counsel proceeded in accordance therewith:

"An agreement was reached between the parties prior to trial concerning the use of evidence in addition to the administrative record. *This was because of the inadequacy of that record.* This stipulation is reflected in the transcript on appeal.

"The agreement is contained in the transcript on appeal at Tr., page 3, lines 1–11. Judge Norris states in reference to the stipulation:

'As to the issues of this case on appeal, I have conversed and confirmed with counsel this morning the issues to be treated are as follows:

. . . .

Also, according to this letter which helps narrow down the issues, although there will be some evidence that there was a moratorium, emergency moratorium put into effect by the Payette County Commissioners, the County will not assert the moratorium against the plaintiff.

I think in that letter there is a misdescription there of the name of the party. Also that there will be a limited number of witnesses. Ordinarily there are not witnesses, and only by special permission may there be witnesses, and only by special permission may there be witnesses on an administrative appeal of this type.'

"It is clear that the matter of additional testimony through a 'limited number of witnesses' was considered and stipulated to between the parties. For that reason, *there was no assignment of error asserted on appeal by the appellant* relating to this evidence nor was the matter argued to this court. *This issue simply was not presented on appeal.*

"The general rule concerning stipulations is stated in 73 Am.Jur.2d Stipulations at Section 8. This indicates very clearly. that stipulations are generally binding upon a trial and appellate court in the absence of a valid ground for refusing their enforcement. See also, *Houska v. Houska,* 97 Idaho 316 [543 P.2d 869] (1975). In this case, *both counsel had agreed that there would be additional evidence* produced and that the trial court would not be bound solely to the record. Again, this is because *the record below was totally inadequate.* We know of no legal or equitable basis for ignoring this stipulation. We think that this fact,

standing alone, requires a reconsideration of the opinion of this honorable court.

"This matter was not, therefore, an issue presented to the trial court. It was not urged as an assignment of error on appeal. Therefore, we believe that it should not now be used as a basis for reversing the lower court. *McNeil v. Gisler,* 100 Idaho 693 [604 P.2d 707] (1979).

"The Idaho court has long adhered to the general rule that matters that are not objected to at trial nor urged on appeal are abandoned and will not be considered by the appellate court. *Yellowpine Water Users Association v. Imel* [105 Idaho 349, 670 P.2d 54], 83 ISCR 1357 (1983); *Lomas and Nettleton Company v. Tiger Enterprises, Inc.,* 99 Idaho 539 [585 P.2d 949] (1978); *Chugg v. Chugg* [94] 95 Idaho 45 [480 P.2d 891] (1971); *Harmon v. Noland,* 90 Idaho 494 [413 P.2d 897] (1966).

CONCLUSION

"The Respondents are requesting that this court reconsider its previous decision reversing the determination by the lower court. The basis for the determination was disposed by stipulation and was *not* an issue on appeal.

"Indeed, by agreeing to the stipulation on evidence in the transcript, appellant waived any right to assert any such argument. This is amply demonstrated by the fact that the argument was not made at any time during the appeal.

"The parties should have the ability to rely upon stipulations entered into. We are asking this court to reconsider its opinion and reinstate the decision of the trial court."

Petition for Rehearing, pp. 2–4 (emphasis added). The ambivalence of my opinion of October 5, 1983, is brought to rest by the majority opinion on denial of the petition for rehearing. I now dissent from the opinion of the majority and its denial of a rehearing, at the same time lamenting that the course of action taken by this Court does not serve the administration of justice, but delays it.

While counsel truly cannot bind a court by counsel's stipulation as to procedure, it is entirely up to the court whether or not to accept the stipulation. Here the court did.