785 P.2d 690

**Edward Z. FULLER,
Plaintiff-Appellant,**

v.

**STATE of Idaho DEPARTMENT OF EDUCATION DIVISION OF VOCATIONAL REHABILITATION, INC., Case No. 83-40412, et al., Defendant-Respondent.**

No. 17553.

Court of Appeals of Idaho.

Jan. 9, 1990.

Edward Z. Fuller, Idaho Falls, pro se.

Jim Jones, Atty. Gen., Elaine F. Eberharter-Maki, Deputy Atty. Gen., Dept. of Educ. for defendant-respondent.

PER CURIAM.

This is an appeal from a district court's appellate decision affirming an agency's administrative decision which denied certain training and rehabilitation benefits to Edward Fuller. In this appeal Fuller contends the final decision of the Division of Vocational Rehabilitation finding him ineligible for further services was based upon erroneous procedural and legal grounds. We affirm the decision of the district court.

In January 1983, Fuller contacted the office of the Idaho Division of Vocational Rehabilitation (division). Over the next two months Fuller received medical and educational evaluations to determine whether he qualified for training services as a result of a medical disability. In March 1983, the division determined that Fuller was qualified for training in the area of office occupations. In April 1983, Fuller began a typing course at Eastern Idaho Vocational Technical School (school). During this course of initial instruction it was determined that Fuller had a hearing disability. As a result, Fuller was provided hearing aids at the division's expense.

Pursuant to Fuller's individualized written rehabilitation plan, he was scheduled to begin the office occupations program at the school in August 1983. The school awarded Fuller a federally funded grant, known as a Pell Grant, by which to fund his education. However, in late September 1983, the division learned that Fuller was not proceeding satisfactorily in his course work at the school. On October 19, 1983, Fuller, representatives from the division and the school met to discuss Fuller's lack of progress. Fuller complained of the quality of instruction and expressed the opinion that the school was not doing him a service. Representatives from the school and the division told Fuller that because he was not achieving the scholastic standards as required by the school, he would be placed on academic probation.

As a result of continuing lack of progress, Fuller's Pell Grant was withdrawn. The school required that six credits be completed by October 21, 1983. Unfortunately, by that date Fuller had only completed one and three-fourths credits. Shortly thereafter, Fuller voluntarily withdrew from the school. After Fuller's withdrawal, the division personnel attempted to provide continuing counseling and employment services commensurate with his ability. However, the record indicates that Fuller refused to cooperate with their efforts.

In August 1984, Fuller was advised of his right to an administrative review and to a fair hearing conducted by the division. Fuller demanded an administrative review on the ground that the division refused to provide him with vocational rehabilitation and benefits as provided by law. The division denied Fuller's appeal on September 25, 1984. Fuller then requested a fair hearing pursuant to 34 CFR § 361.48 and the division's operating rules. The hearing was conducted on October 29, 1984 at Idaho Falls, giving Fuller the opportunity to present his case and complaints to the division. Fuller complained of several things including that he had not been treated fairly, that he not been given maintenance benefits while being rehabilitated, that his wife's income should not be considered in computing his financial need, and that his records had not been properly kept, e.g., that he had signed documents in blank.

Following a review of the record and transcript of the fair hearing, the division director issued a written decision, dated November 8, 1984, upholding the decision of the hearing officer. Fuller then appealed to the United States Department of Education for a review of his case which was denied in May 1985. Fuller then filed a petition for judicial review with the district court in June 1985. Dissatisfied with the district court's ruling, Fuller brought this appeal.

Our standard of review in a case such as the instant one is well settled. Where the district court acts in an appellate capacity in a review under the Administrative Proce-dure Act, I.C. § 67–5215(b) through (g), on further appeal from the district court's determination, we review the record independently of, but with due regard for, the district court's decision. *Ferguson v. Board of County Commissioners for Ada County*, 110 Idaho 785, 718 P.2d 1223 (1986); *Madsen v. State Department of Health and Welfare*, 114 Idaho 182, 755 P.2d 479 (Ct.App.1988) (review denied). In the present case, the district court issued a comprehensive memorandum decision which discussed all significant issues raised by Fuller. While we have made our own independent review of the administrative proceedings, we ultimately conclude the district court decision was correct in all respects. Accordingly, we adopt much of that decision in this opinion.

The Administrative Procedure Act governs the standard of judicial review of an administrative decision. I.C. § 67–5201 through 5218. Specifically, I.C. § 67–5215 provides the review shall be conducted by the court without a jury and shall be confined to the record. The reviewing court shall not substitute its judgment for that of the agency as to the weight of the evidence and questions of fact. *Id.* The court may affirm the decision of the agency or remand the case for further proceedings. If Fuller's rights had been substantially prejudiced by the administrative findings or conclusions, the court may reverse or modify its decision. The court has authority to review whether the administrative decision was (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable and substantial evidence on the whole record; or (6) arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. I.C. § 67–5215(g). *See also Hayman v. State Department of Health & Welfare*, 100 Idaho 710, 604 P.2d 724 (1979).

The Idaho Supreme Court has held that a reviewing court may not reverse the findings of a division where the findings are clear, dispositive and supported by evidence

in the record. *Van Orden v. State Department of Health & Welfare*, 102 Idaho 663, 637 P.2d 1159 (1981). The Court went further to say that a "reviewing court may not substitute its judgment for that of the administrative hearing officer on questions of fact." *Id.* at 667, 637 P.2d at 1163. Even where there is evidence to the contrary, the court will not disturb the hearing officer's findings of fact if those findings are supported by sufficient evidence. *Lampe v. Zamzow's, Inc.*, 102 Idaho 126, 626 P.2d 782 (1981).

Fuller contends the administrative decision denying him vocational rehabilitation benefits was arbitrary and capricious. We review this challenge pursuant to I.C. § 67–5215(g)(6). In order for the court to substitute its judgment for a hearing officer's determination, the findings of that hearing officer would have to be "clearly inadequate." *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 655 P.2d 926 (1982). "To hold otherwise would be to have authorized the district court to substitute its judgment for that of the agency despite the express provision prohibiting such action in I.C. § 67–5215(g)." *Id.* at 38–39, 655 P.2d at 932–33.

■ Pursuant to I.C. § 67–5215 we find nothing in the record requiring reversal or modification of the division's decision. We find no constitutional or statutory provisions that have been violated. The decision is not in excess of the division's or agency's authority. There were no unlawful procedures followed by the division and we find nothing in the record constituting error in view of the evidence submitted and the record considered as a whole.

Pursuant to the Rehabilitation Act of 1973, the federal government created a system to enable persons with certain medical disabilities to be trained and become employable in the private and public sectors. 29 USC §§ 701–796 (1982). The state of Idaho participates in this program as its local administrator. I.C. §§ 33–2301 through 33–2308; *see also* 34 CFR §§ 361.-1; 365.1; and 380.1. We find the division's determination was not arbitrary, capricious

or characterized by an abuse of discretion. Fuller was afforded these services, education and a rehabilitation plan as provided by law. Unfortunately, the plan was not completed by Fuller and the division did everything required of it. The division is not at fault for Fuller's failure. Fuller pursued the services provided by the division under federal and state laws. So long as Fuller was qualified for the services the division was obligated to make those rehabilitation services available to him. The record clearly indicates that Fuller requested and received counseling, education, and monetary services provided by the division and the school. However, Fuller's lack of compliance with the education requirements of the school resulted in his failure to complete his course of study.

Fuller argues that the violations of his procedural rights in the administrative process resulted in his being denied benefits. Fuller was personally involved in the preparation and implementation of his rehabilitation plan; consequently, his allegation of non-participation and non-selection of services is without basis. The record clearly reflects the lengths to which the division has gone to assist Fuller. Fuller was afforded his right to an administrative review and fair hearing provided by 29 U.S.C. § 722, 35 CFR § 361.48, and § 19.2 of the division's operation manual. The record also shows that all necessary notices and hearings were provided to Fuller as required by law.

■ Fuller additionally challenges the manner in which the fair hearing was conducted. An individual challenging an agency finding has the burden of producing evidence at an administrative hearing. *Thornton v. Commissioner of Department of Labor & Industry*, 190 Mont. 442, 621 P.2d 1062 (Mont.1980). We have examined the typed manuscript of the October 29, 1984, hearing. This proceeding was conducted in the manner of an informal table discussion, rather than a formal adversary hearing. Prior to the hearing, Fuller was advised that he would be allowed to be represented by counsel, to present evidence and to express his com-

plaints about the division's actions. In the hearing, however, Fuller did not present any witnesses, evidence, other documents, or information that showed any unjust dealings toward him by the division. Accordingly, we conclude the division's decision to terminate Fuller's benefits was not in violation of any of his substantial rights. We also conclude that Fuller has not been prejudiced by the administrative findings, inferences or conclusions. The record indicates justification for Fuller's maintenance to be terminated because of his failure to meet the academic requirements and complete the necessary courses to continue his eligibility in the "office occupations" program. The record also reflects that the division attempted to provide those necessary services to Fuller but he did not perform sufficiently to continue in the chosen program. He may qualify for other training, however.

We further agree with the district court that adequate procedural safeguards were used to protect Fuller's constitutional and statutory rights. We agree with the district court that the political and constitutional issues raised by Fuller regarding the dilemmas facing the long-haul trucking industry or the "alleged apostacy by the Idaho Legislature of Idaho's Constitution," are not within the scope of this proceeding and cannot be resolved, if at all, by this Court or by the administrative agency. Therefore, we affirm the order of the district court and the decision of the Idaho Division of Vocational Rehabilitation. Costs, exclusive of attorney fees, to respondent.