653 P.2d 438

PAYETTE LAKES WATER AND SEWER DISTRICT, a sewer district organized and existing under and by virtue of Chapter 32, Title 42, Idaho Code, a governmental subdivision of the State of Idaho and a body corporate with all the powers of a public or quasi-municipal corporation, Plaintiff-Appellant,

v.

William D. HAYS, et al., Defendants-Respondents.

Nos. 14581–14587.

Supreme Court of Idaho.

Oct. 20, 1982.

Charles J. Nicholas, McCall, for appellant.

Robert J. Koontz, William J. Russell and Kirk James Anderson, Boise, for respondents.

David H. Leroy, Atty. Gen., John J. Hockberger, Jr., Deputy Atty. Gen., for amicus curiae Dept. of Health & Welfare, State of Idaho.

HUNTLEY, Justice.

Payette Lakes Water and Sewer District contains within its boundaries lands surrounding the city of McCall, including portions of the shoreline of Payette Lake, which are outside corporate limits. Payette Lakes Water and Sewer District (sewer district) is involved in a project to alleviate pollution of Payette Lake reputedly caused by septic tanks located along the shores of the lake, and to permit development of lakeshore properties which could not be served by septic systems. The project is partly funded by state and federal grants. The project is under way, with some phases already completed, including rehabilitation of the city of McCall sewer system and partial construction of interceptor sewers (large sewer lines) which will connect the sewer district's service area to the McCall treatment plant.

Respondents are owners of seven parcels of lakefront property along the Payette Lake, over which one of the planned interceptor sewer lines would pass. To secure a path for the sewer line along the edge of the lake, the sewer district obtained easements from all other affected property

owners. After failing in its efforts to obtain easements from respondents through negotiation, the sewer district instituted condemnation actions. In September, 1981, the sewer district filed a motion in each of these seven actions for possession pending trial pursuant to the "quick take" provisions of I.C. § 7–721. After finding that the district had the power of eminent domain pursuant to I.C. §§ 42–3212(j) and 42–4104(b), the court denied the motion for possession on the ground that I.C. § 7–701 by specifically enumerating as a public use in subsection 7, "Sewerage of any incorporated city" implies a legislative intent to exclude unincorporated areas.

I.C. § 7–721 provides the means by which the state or one of its agencies or political subdivisions can obtain property it needs for a public use without the delay of a lengthy trial. After commencing an action for condemnation of the necessary property, the state, board or agency may deposit with the court an amount which has been initially determined to be "just compensation" for the property. The court can then enter an order enabling the state to take possession of and use the property pending full trial. However, before the order can be entered, a hearing must be held. Subsection (2) of I.C. § 7–721 states that the court "shall first determine whether or not plaintiff (a) has the right of eminent domain, (b) whether or not the use to which the property is to be applied is a use authorized by law, (c) whether or not the taking is necessary to such use, and (d) whether or not plaintiff has sought, in good faith, to purchase the lands sought to be taken ...." Since the district court found that the sewer district had the right to exercise the power of eminent domain and the respondents do not dispute this finding, the sole question before us on this appeal is that presented by part (b) of subsection (2) above, that is, whether the use of the property which the sewer district seeks to obtain is a use authorized by law.

The proposed use of the property is the construction and maintenance of a sewer system to serve areas not within the city limits of McCall. This use, respondents contend, is not an authorized use because the service area lies outside of an incorporated city. Respondents rely on I.C. § 7–701 which states:

"Subject to the provisions of this chapter, the right of eminent domain may be exercised in behalf of the following public uses:

. . . .

7. [s]ewerage of any incorporated city."

This Court has stated that the right of eminent domain inheres in the sovereign, and may be exercised in behalf of such uses as the sovereign determines proper and necessary. In *Bassett v. Swenson,* 51 Idaho 256, 262, 5 P.2d 722, 725 (1931), this court stated:

"The right of eminent domain is a sovereign right which may be exercised in behalf of such uses as to the sovereign seems proper, granted either by the people in their Constitution or by the legislature if not restricted by the Constitution."

Article 1, Section 14, of the Idaho Constitution declares:

"§ 14. *Right of eminent domain.*—The necessary use of lands for the construction of reservoirs or storage basins, for the purpose of irrigation, or for rights of way for the construction of canals, ditches, flumes or pipes, to convey water to the place of use for any useful, beneficial or necessary purpose, or for drainage; or for the drainage of mines, or the working thereof, by means of roads, railroads, tramways, cuts, tunnels, shafts, hoisting works, dumps, or other necessary means to their complete development, *or any other use necessary to the complete development of the material resources of the state, or the preservation of the health of its inhabitants,* is hereby declared to be a public use, and subject to the regulation and control of the state.

Private property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefor." (Emphasis supplied.)

Regarding Section 14 of Article 1, the Court in *Bassett v. Swenson,* 51 Idaho at 263, 5 P.2d at 725, noted:

> "This provision of our Constitution to the extent of establishing the nature of the use required has been held to be self-executing and constitutes a grant of power of eminent domain in behalf of the uses therein expressed. No action of the legislature further than providing the procedural machinery by which the right may be applied is necessary. This is provided by the special proceedings in eminent domain enacted by the legislature, and whether or not a right claimed under this provision of the Constitution is within the grant is held to be a judicial question to be determined by the courts." 51 Idaho at 263, 5 P.2d 722.

In *Potlatch Lumber Co. v. Peterson,* 12 Idaho 769, 786, 88 P. 426, 432 (1906), this court stated, quoting the language of an earlier Connecticut case:

> " 'The power (of eminent domain) requires a degree of elasticity to be capable of meeting new conditions and improvements of the ever-increasing necessities of society.' "

The court then adopted the following definition of "public use":

> " 'The term 'public use' is flexible, and cannot be confined to the public use mentioned at the time of forming the constitution. All improvements that may be made, if useful to the public, may be encouraged by the exercise of eminent domain . . . .' " *Id.* at 787, 88 P. 432.

Finally, the court held that "the legislature cannot annul that provision [Article 1, section 14] of the constitution by legislative enactment." *Id.* at 788, 88 P. 432.

It would be difficult to argue that the use for which the sewer district seeks to condemn easements over respondents' properties, *i.e.,* the construction of a sewerage facility to transport sewage to a treatment plant (as opposed to septic tanks alongside the lake), is not a "public use" as contemplated by the Constitution. A sewer district clearly comes within the intendment of the language of Article 1, Section 14, which authorizes any use "necessary to . . . the preservation of the health of [the state's] inhabitants."

If by its enactment of I.C. § 7–701(7) it was the intention of the legislature to restrict the exercise of eminent domain by a sewer district to uses within incorporated cities, then that provision can have no valid effect because the legislature cannot thus annul a provision of the Constitution. We find it more likely that the legislature intended no such restriction. The broad language of I.C. § 7–701(2) which authorizes "all other public uses for the benefit of the state or of any county, incorporated city or the inhabitants thereof" indicates an intent to include other public uses not specifically provided for. In addition, I.C. § 42–4104 provides that "[i]n addition to the powers which it may now have, any [water and sewer] district shall have power . . . (b) [t]o exercise the power of eminent domain for any of the works, purposes or uses provided by this act, in like manner and to the same extent as provided in section 7–720, Idaho Code . . . ."

I.C. § 42–3212(j) also authorizes a sewer district board of directors "[t]o have and exercise the power of eminent domain in the manner provided by law for the condemnation of private property for public use to take any property necessary for the exercise of the powers herein granted both within and without the district . . . ."

We hold that the purpose for which Payette Lakes Water and Sewer District seeks to obtain temporary construction easements and permanent sewer easements across respondents' properties is a public use within the meaning of Article 1, Section 14, of the Constitution of the State of Idaho, and is therefore an authorized use as contemplated by I.C. § 7–721(2)(b) for purposes of determining the sewer district's entitlement to possession pending trial. Accordingly, we reverse the judgment of the district court denying the sewer district's motion for possession pursuant to I.C. § 7–721 and remand for further proceedings consistent with this opinion.

Costs to appellant. No attorney fees.

BAKES, C.J., DONALDSON, J., and SCOGGIN, J. Pro Tem., concur.

SHEPARD, J., concurs in the result.