662 P.2d 237

**ADA COUNTY HIGHWAY DISTRICT a body politic of the State of Idaho, By and Through its Commissioners, Mike SILVA, David A. Weeks, and Leon Fairbanks, Plaintiff-Appellant,**

v.

**Robert D. MAGWIRE, a single man, Glen F. Ayers and Mary E. Ayers, husband and wife, Defendants-Respondents.**

No. 13874.

Supreme Court of Idaho.

April 21, 1983.

Alfred C. Hagan and John Frederick Mack, Boise, for plaintiff-appellant.

. Cumer L. Green, Boise, for defendants-respondents.

HUNTLEY, Justice.

Ada County Highway District condemned a parcel of land needed for an extension and widening of Emerald Street near its confluence with Cole Road in Boise. The property sought to be taken was the major portion of a vacant, unimproved residential lot which Dr. Magwire had purchased as a situs for a future office. The sole issue below was the amount of just compensation to be paid for the taking. A trial was held before the court, sitting without a jury, the court awarding just compensation in the amount of $33,750. The highway district's valuation of just compensation was $14,347 and it appeals, contending that the court's award is excessive and based upon the consideration of improper measures of value.

At the time of taking and at the time of trial, the property was zoned residential and carried restrictive covenants preventing use other than for residential purposes.

The evidence established that the property was a corner lot at the intersection of Cole and Emerald streets, both being major thoroughfares. Properties in the vicinity of Cole and Emerald Streets consisted of a large number of office-type buildings.

The issue on appeal is whether the court erred in admitting testimony as to the value of the lot if it were zoned "limited-office," in view of the existing zoning classification and restrictive covenants.

The issue on appeal is raised by the Highway District's statement of the case utilizing this language: "The Court's award was based on a prospective use of the property

for which the property was not zoned and which use was prohibited by restrictive covenants." Dr. Magwire, in his brief, questions that phraseology, stating that the language actually used by the trial court more fully represents the basis upon which just compensation was set, and sets forth the pertinent part of the trial court's memorandum decision and order, which excerpt is as follows:

> " 'The court believes that the District was too restrictive in arriving at its appraisal figure of $14,640, by not adequately taking into consideration the likelihood of rezoning and removal of the restrictive covenants, under the given circumstances. Taking this into consideration as well as the evidence of the action of the various official zoning bodies and finally weighing the conflicting testimonies of the several experts, the court believes that the fair market value of the condemned property as of the date of its taking in 1978, was $33,750.' "

■ In reviewing that decision we are agreed that "likelihood of rezoning and removal," as stated by the court, was the proper criteria and not its "prospective use." Precedential case law sustains the approach adopted by the trial court.

In *Symms v. City of Mountain Home,* 94 Idaho 528, 531, 493 P.2d 387, 389 (1972), we stated the applicable rule:

> "The compensation which must be paid for property taken by eminent domain does not necessarily depend upon the uses to which it is devoted at the time of the taking; rather, all the uses for which the property is suitable should be considered in determining market value.
>
> The highest and best use for which the property is adaptable and needed or likely to be needed in the reasonably near future is to be considered, not necessarily as a measure of value, but to the full extent that the prospect of demand for such use affects the market value of the property. *Olson v. United States* [292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (1934)], *supra;* 4 Nichols, *supra* at § 12.314; cf. *City of Caldwell v. Roark,* 92 Idaho 99, 437 P.2d

615 (1968). It must be shown that the use for which the property is claimed to be adaptable is reasonably probable." (Citations omitted.)

The determinative question is what constitutes reasonable probability. The highway district asserts that a zoning change is not probable because Dr. Magwire had requested a change from the planning and zoning commission and it was refused. Dr. Magwire contends it was probable, considering the character of the neighborhood. The question of probability is inherently a difficult matter for the trial court to determine. The Arizona Court of Appeals, in *Moschetti v. City of Tucson,* 9 Ariz.App. 108, 449 P.2d 945, 949 (1969), stated:

> "[T]he term, 'in the near future' or even the term 'in a reasonable time,' bear no direct relationship to the ultimate subject under inquiry, i.e. the market value of the condemnee's land to the hypothetical willing buyer. To a literal-minded judge, the term 'near future' might exclude a rezoning that is unlikely for a two or three year period. To an astute investor, however, ten, fifteen or even twenty years might be considered 'in the near future,' or a 'reasonable time,' from the standpoint of investment objectives. One primary objective in a condemnation proceeding is to bring the values of the real-world marketplace into the courtroom. Yet a rule which commands a trial judge to exclude evidence of a rezoning which may take place beyond the judge's abstract notion of the 'near future' or a 'reasonable time' seems to us to frustrate that goal."

In *Symms v. City of Mountain Home, supra,* we stated that the highest and best use is to be considered not necessarily as a measure of value but to the full extent that the prospect of demand for such use affects the market value. The determination of probability also turns on this consideration. *Wolff v. Commonwealth of Puerto Rico,* 341 F.2d 945 (1st Cir.1965), n. 3 at 946, is persuasive on this point:

> "The test, of course, is not either possibly [sic] or probability of re-zoning in abso-

lute terms, but the fair market value of the locus in the light of the chances as they would appear to the hypothetical willing buyer and seller. While some of the cases cited *infra* speak only in terms of probability, we think that any possibility sufficiently substantial to affect market value must be regarded."

Fair market value is the amount which would be agreed upon by a willing buyer and a willing seller. The possibility or probability of rezoning would be taken into consideration by the hypothetical buyer, and was properly taken into consideration by the trial court in this case. Equally true, is that the risk associated with the possibility that the property would not be rezoned would be considered by the hypothetical buyer and likewise this was considered by the trial court.

An excellent analysis, in which we concur, bridging the disparity between those cases which talk in terms of reasonable probability as against those cases talking in terms of market effect, is found in *Nashville Housing Authority v. Cohen*, 541 S.W.2d 947 (Tenn.1976):

"The difference between the 'reasonable probability' standard and the 'any possibility sufficiently substantial to affect market value' standard urged in the *Moschetti* and *Wolff* cases should not, in our opinion, be exaggerated. They are but different expressions of the requirement that evidence must be relevant and material to be admissible. It is the effect, if any, upon the fair market value on the date of taking which makes relevant the evidence of a possible rezoning of the property. The prospect of rezoning, no matter how imminent, is irrelevant if it has no effect upon such fair market value; and, on the other hand, a prospect of rezoning which may appear to be somewhat remote should, nevertheless, be considered by the court if it affects the fair market value of the property on the date of taking. (Citations omitted.) It is this standard of relevance and materiality which the trial judge should employ in exercising his discretion to admit or exclude evidence offered to show a possible zoning change." *Id.* at 951.

The same methodology of analysis is applicable to the restrictive covenant issue, except that it should be noted that there is required a more specific and demanding foundation to establish the reasonable probability that the covenants will not be enforced.

 Normally, a change in zoning will occur if there has been sufficient change in the surrounding neighborhood. However restrictive covenants can only be declared unenforceable because of a change within the restricted area itself. *Exchange Nat'l Bank v. City of Des Plaines*, 32 Ill.App.3d 722, 336 N.E.2d 8 (Ill.App.1975). If a particular subdivision is subject to restrictive covenants restricting its use to residential, and the subdivision itself has not changed, then changes outside of the subdivision standing alone, even though adjacent, do not invalidate the restrictions. *Id.* An increase in noise or traffic in the surrounding area, or even within the subdivision itself, is not enough to indicate sufficient change in the character of the neighborhood to invalidate the restrictions. *Cordogan v. Union Nat'l Bank*, 64 Ill.App.3d 248, 21 Ill.Dec. 18, 380 N.E.2d 1194 (Ill.App.1978); *Eilers v. Alewel*, 393 S.W.2d 584 (Mo.1965). The fact that a particular piece of property would increase in value if used for a different purpose than that allowed in the covenant is not enough to invalidate the covenant. *Cordogan v. Union Nat'l Bank, supra; Eilers v. Alewel, supra.*

 Although the record herein is marginal at best in establishing the requisite foundation, it does contain sufficient evidence to sustain the trial court's findings.

 The highway district also assigns as error the court's admitting as evidence of value an option to purchase the subject property. The highway district objected on the grounds of remoteness and speculativeness. The trial court, on admitting the document, ruled that the objection ran to the weight rather than the admissibility of the evidence. Although it would be the

exceptional case where the court should permit such evidence to go before a jury, we see no error in its admission in a court trial, especially when as here, the admission was harmless because the ultimate award by the court was $9,000 less than the option price, thus indicating the court did not give it undue weight.

The judgment of the district court is affirmed. Costs to respondents.

SHEPARD, BAKES and BISTLINE, JJ., and McFADDEN, J. Pro Tem., concur.