668 P.2d 994

**COUNTY OF ADA, a political subdivision of the State of Idaho, Plaintiff-Respondent,**

v.

**Claude J. HENRY and Ann L. Henry, husband and wife, Defendants-Appellants.**

No. 14032.

Supreme Court of Idaho.

June 2, 1983.

Rehearing Denied Sept. 21, 1983.

Richard H. Greener, Clemons, Cosho & Humphrey, Boise, for defendants-appellants.

Greg H. Bower, Pros. Atty., Ada County, Mary S. Hobson, Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from the issuance of a permanent injunction. The action here involved was brought against defendants-appellants who, despite repeated warnings and restraining orders, persisted in the continued construction of a dwelling on their property, in violation of ordinances relating to zoning and building permits. We affirm.

In August of 1979, Ada County ordinances prohibited the subdivision of property within Ada County without prior approval of the county zoning commission. One Loveland owned a 40-acre tract of unplatted and undeveloped land fronting on Amity county road within Ada County. Without the requisite commission approval, he divided the 40-acre parcel and sold a 10-acre piece thereof to the defendants-appellants herein, Claude and Ann Henry. Another ordinance regulated the minimum lot size within the zone where the property was located and prohibited construction of single family dwellings unless lot size was at least 80 acres. Loveland allegedly represented to the defendants-appellants that they would be able to obtain a building permit for a house on the property.

Evidently, Loveland attempted unsuccessfully to obtain a building permit for the Henrys and the Henrys themselves submitted a building permit application. The Henrys' application was denied by the zoning staff on the bases that Loveland's property had been subdivided without prior approval and that the property did not meet the 80-acre minimum lot size. That denial of the building permit application was appealed to the Ada County Zoning Commission, which affirmed the denial.

Meanwhile, the Henrys, although lacking the requisite building permits, began excavation and the laying of a foundation for a house on the property. Suit was filed to enjoin that continued construction and a temporary restraining order was issued, prohibiting any further construction. A hearing was scheduled for November 28, 1979 to determine if a preliminary injunction should be issued. Since they had been advised by legal counsel that any effort to protest the injunction would be useless, the Henrys did not appear at that hearing and a preliminary injunction (not part of the record here) was entered on December 4, 1979.

In March 1980, the Henrys again applied for a zoning certificate and building permit. The staff of the zoning commission again denied the application, and again appeal was taken to the Ada County Zoning Commission. The zoning commission granted the relief sought by the Henrys and ordered the issuance of the zoning certificate. However, a member of the zoning staff filed an "appeal" from the decision of the zoning commission to the next level of administrative authority, *i.e.*, the Ada County Board of County Commissioners. The county commissioners reversed the decision of the zoning commission and reinstated the decision of the zoning staff, thereby leaving the Henrys without any authority to construct the house. *We emphasize that no appeal from that decision of the county commission was taken by any party.*

In July 1980, Ada County ascertained that the Henrys were still proceeding in the construction of the house, and the county moved for an order to show cause why the Henrys should not be found in contempt for violation of the December 1979 preliminary injunction. A hearing was held on September 3, 1980, at which Mr. Henry testified

that he had been building continually from the fall of 1979 to the date of the hearing but promised the court that he would discontinue further construction. The court granted the county an additional restraining order and took the remainder of the matter under advisement to allow the county time to show proof of service of the preliminary injunction.

On September 4, 1980, the day following the hearing, the Henrys filed their answer and counterclaim, alleging a cause of action under 42 U.S.C. § 1983, praying for an injunction against the enforcement of the Ada County subdivision and zoning ordinances, and demanding a jury trial. On December 11, 1980, summary judgment was entered against the Henrys on their counterclaim and they were permanently enjoined from further construction and/or occupation of the dwelling.

The Henrys assert that the Ada County subdivision and zoning ordinances constitute an unconstitutional taking of their property without just compensation and that the ordinances thereby contravene the fifth amendment to the United States Constitution and Idaho Const. art. 1, § 14. It is clear that the fifth amendment's prohibition applies as against the individual states through the application of the fourteenth amendment. *San Diego Gas & Elec. v. City of San Diego,* 450 U.S. 621, 101 S.Ct. 1287, 67 L.Ed.2d 551 (1981); *Chicago, B. & Q.R. Co. v. Chicago,* 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897). We view the recent United States Supreme Court decision in *Agins v. City of Tiburon,* 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980), as dispositive of the Henrys' assertions as they relate to the fifth amendment to the United States Constitution. In *Agins,* appellants had acquired five acres of unimproved prime suburban view property overlooking San Francisco Bay. Some time thereafter the city of Tiburon enacted zoning ordinances, which placed the property into a category "devoted to one-family dwellings, accessory buildings, and open-space uses." Density restrictions within the ordinance limited construction to five single family residences on the five-acre tract. Shortly thereafter, the city

of Tiburon initiated a condemnation action to acquire the land, but later the city abandoned those proceedings and the action was dismissed. Action was brought seeking two million dollars in damages for inverse condemnation or for a declaration that the zoning ordinances were unconstitutional as violative of the fifth and fourteenth amendments to the United States Constitution. It was contended that the city had completely destroyed the value of the property for any purpose or use whatsoever. The city of Tiburon demurred, asserting that the complaint failed to state a cause of action. The trial court and the California Supreme Court agreed, 24 Cal.3d 266, 157 Cal.Rptr. 372, 598 P.2d 25 (1979), and dismissed the action.

On appeal, the United States Supreme Court cited *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926), affirmed the decision of the California courts, and held that the zoning ordinances did not, on their face, constitute a taking of the appellants' property without compensation. The Court stated, 447 U.S. at 261–262, 100 S.Ct. at 2141–2142:

"In this case, the zoning ordinances substantially advance legitimate governmental goals. The State of California has determined that the development of local open-space plans will discourage the 'premature and unnecessary conversion of open-space land to urban uses.' ... The specific zoning regulations at issue are exercises of the city's police power to protect the residents of Tiburon from the ill effects of urbanization. Such governmental purposes long have been recognized as legitimate. See *Penn Central Transp. Co. v. New York City, supra,* [438 U.S. 104] at 129 [98 S.Ct. 2646 at 2661, 57 L.Ed.2d 631]; *Village of Belle Terre v. Boraas,* 416 U.S. 1, 9 [94 S.Ct. 1536, 1541, 39 L.Ed.2d 797] (1974); *Euclid v. Ambler Co., supra,* [272 U.S. 365] at 394–395 [47 S.Ct. 114, 120–121, 71 L.Ed. 303].

"The ordinances place appellants' land in a zone limited to single-family dwellings, accessory buildings, and open-space uses. Construction is not permitted until

the builder submits a plan compatible with 'adjoining patterns of development and open space.' ... The zoning ordinances benefit the appellants as well as the public by serving the city's interest in assuring careful and orderly development of residential property with provision for open-space areas. There is no indication that the appellants' 5-acre tract is the only property affected by the ordinances. Appellants therefore will share with other owners the benefits and burdens of the city's exercise of its police power. In assessing the fairness of the zoning ordinances, these benefits must be considered along with any diminution in market value that the appellants might suffer."

■ Although we deem the brief opinion in *Agins*, albeit unanimous, as murky and unresponsive to many of the broad issues inherent in the factual pattern, it appears clear that a zoning ordinance which downgrades the economic value of property does not constitute a taking of property without compensation in violation of the United States Constitution, at least where, as in *Agins, some* residual value remains in the property.

The facts of *Agins* present a much more compelling scenario for the finding of a United States Constitution violation than is present here. In *Agins,* the landowners had acquired the subject property prior to the enactment of the zoning ordinance in question and had, of course, reasonable expectations of realizing great profit. They clearly were deprived of at least that profit and perhaps of the entire value of their lands. In the instant case, the Henrys could and should have ascertained, and are charged with knowledge of, the zoning and building restrictions which were applicable to the land at the time they acquired it. Indeed, we note that the seller discussed with the Henrys potential problems of obtaining a building permit.

■ We hold that, under the facts presented in the instant case, the Ada County ordinances in question do not effect a taking of the Henrys' property without compensation, in violation of either the United States Constitution, *Agins v. City of Tiburon,* or the Constitution of the State of Idaho. We note, however, that were we presented with the factual pattern of *Agins, i.e.,* the economic destruction or devaluation of property by the enactment of zoning and land use ordinances after the acquisition of the property by the complaining owner, the decision in *Agins v. City of Tiburon, supra,* would be binding upon us only insofar as it interprets the United States Constitution. *Agins* is not necessarily binding as to our interpretation of the Idaho Constitution, which likewise forbids a taking of property without the paying of just compensation therefor. It is enough to state that the *Agins* circumstances are not before this Court today and, mercifully, any decision on such facts will await a future presentation thereof.

The Henrys next assert that they have stated a cause of action for relief under 42 U.S.C. § 1983, which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

■ The Henrys argue that the county ordinances here in question deny due process and equal protection, together with effecting a confiscation of their property violative of the fifth amendment of the United States Constitution. We hold there to be an absence of merit in any of those claims. The Henrys had ample opportunity to argue their claim that they were entitled to a building permit, did participate in several hearings, and filed numerous appeals. As to one of those hearings, they voluntarily

chose not to appear, and they further chose not to exhaust their remedies under the Local Planning Act of 1975, I.C. §§ 67–6501–67–6533. *See* I.C. §§ 67–5215(b)–(g) and 67–5216, Administrative Procedure Act. Such exhaustion is required in a zoning matter. *Hill v. Board of County Commissioners,* 101 Idaho 850, 623 P.2d 462 (1981); *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 614 P.2d 960 (1980); *Cooper v. Board of County Commissioners of Ada County,* 101 Idaho 407, 614 P.2d 947 (1980). We note also that the Henrys did not appeal from the decision of the Ada County Board of County Commissioners, but rather they now collaterally attack the ordinances. We reject the Henrys' assertion that they have been denied due process. As to the assertion of a violation of equal protection, as was pointed out in *Agins v. City of Tiburon, supra,* and as is the case here, there is a lack of any indication that the Henrys' property is the only property affected by the ordinance or that there was herein any type of discrimination. Hence, we affirm the trial court's issuance of summary judgment against the Henrys on their claim for relief under 42 U.S.C. § 1983. Since there are no controverted issues of material fact, the Henrys' claim for jury trial is moot. *See also Temperance Insurance Exchange v. Carver,* 83 Idaho 487, 365 P.2d 824 (1961); *Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951); *Fogelstrom v. Murphy,* 70 Idaho 488, 222 P.2d 1080 (1950), regarding the jury right as not applying to an action in equity.

Finally, we note the contention of the Henrys that the staff member from the county zoning commission was an improper and inappropriate person to take an appeal from the decision of the county zoning commission to the board of county commissioners. As we have emphasized earlier, no appeal from that decision of the board of county commissioners was taken by any person and therefore the question of standing is not properly presented as an issue here. We acknowledge the potentially serious policy problems inherent in such a purported party's being permitted to file an appeal from a decision of his employer, but

since no appeal was taken from the order of the board of county commissioners, we will not countenance a collateral attack on the finality of that decision.

The orders, decisions and disposition of this cause entered by the district are affirmed. No costs or attorneys' fees allowed.

DONALDSON, C.J., and HUNTLEY, J., concur.

BAKES, J., concurs in the result.

BISTLINE, Justice, concurring in part and dissenting in part.

There are in the Court's opinion two statements which shed a visible ray of hope, and with which for that reason I am in agreement. I point to the statement that "*Agins* is not necessarily binding as to our interpretation of the Idaho Constitution, which likewise forbids a taking of property without the paying of just compensation therefor." The author of the statement alludes to a situation where there is "the economic destruction or devaluation of property by the enactment of zoning and land use ordinances after the acquisition of the property by the complaining owner . . . ."

I am impressed by and point to the statement further on at the end of the Court's opinion which, to my mind at least, expresses some consternation and perhaps disapproval of a staff member employed by a planning and zoning commission having usurped political power in taking an appeal to challenge that commission's determination.

The Court's opinion reads well and is perhaps unasssailable on its content other than, beyond giving mention to the fact that the Henrys base their cause of action under 42 U.S.C. § 1983, does not to my mind disclose that their right to maintain an action under that Act is fully considered. My own reading of the Henrys' brief discloses that they have anticipatorily conceded every major point discussed by the majority opinion as being roadblocks, but con-

tend that that statute gives them a right of action. I am not persuaded that the Henrys are incorrect and only wish that the entire court membership had more time to put into this important case. For instance, the Henrys seemingly concede that *Tiburon* acts against them, but point to *San Diego Gas* as opening the doors to their action. Yet in the Court's opinion, although it cites *San Diego Gas* for application of the fifth amendment through the fourteenth, not again mentioned.

If one remembers that the Henrys once had the certificate which represented the end of their problems, and then had it snatched away because a disgruntled employee of the planning and zoning commission took it upon himself to take an appeal, and if one accepts that the employee had no right to appeal, an appellate court seeking to rectify the injustice so done might not necessarily hold itself precluded from doing so.

It is said in the Court's opinion, however, that they did not appeal further and are now precluded by the doctrine of *res judicata*—it being further said that an examination of the propriety of the appeal by a staff member would be to "countenance a collateral attack on the finality of that decision." Such reasoning and application of principles of collateral estoppel/*res judicata* would once have had merit. But there is no merit since the Court just two weeks ago cast those doctrines aside. *Duthie v. Lewiston Gun Club,* 104 Idaho 751, 663 P.2d 287 (1983). As counsel recently remarked at oral argument in another case, *Ada County Highway District v. Magwire,* 104 Idaho 656, 662 P.2d 237 (1983), this Court can do and has done anything it wants to do. There is, however, nothing which now prevents this Court from considering that issue raised by the Henrys, and if the Court deigns to do so it can invalidate that improper appeal and bring about reinstatement of the certification that the planning and zoning commission concluded the Henry's were entitled to.

Compelling reasons are present for so doing. It is a strange West which we now have where a man of industrious nature is by a bureaucratic ordinance deprived of the right to build his own house on a ten-acre tract. And for what reason? Because it has been thought better that the law should be that a single dwelling be not erected on less than 80 acres! The proposition is basically so monstrous as to be undeserving of further comment.

In conclusion, I submit that, time permitting, the Court might very well determine that exhaustion of administrative remedies is not a prerequisite to a § 1983 action. If that were so, it is difficult indeed to see how a successful § 1983 action could ever be maintained. On the other hand, it is because administrative procedures have been used in derogation of civil rights that gives rise to a § 1983 claim. It would not seem that a person believing himself kicked about by local authority must submit to further trampling on his rights before he can seek relief elsewhere.

## ON DENIAL OF PETITION FOR REHEARING

BISTLINE, Justice, dissenting.

In my earlier opinion released in June of this year, I expressed the view that the Court, time permitting, might very well determine that exhaustion of administrative remedies is not a prerequisite to a § 1983 action. In denying a rehearing the Court eschews the opportunity of additional time which the petition for rehearing presents, as well as authority which appears most convincing.

On my own reflection of almost four months since the opinions were released, I am strongly brought to the conclusion that administrative proceedings ended with the decision of the Ada County Zoning Commission to grant the permit in March of 1980. Although the proposition is not utilized, it seems rather clearly to be the consensus of the Court membership that a staff member is not a person who can appeal a staff determination. On that basis it is possible to hold that there was not an appeal and

the County Commissioners did not properly have the controversy before them. I would do so.