707 P.2d 1057

**EAGLE SEWER DISTRICT, a Sewer District organized pursuant to the laws of the State of Idaho, Plaintiff/Respondent/Cross-Appellant,**

v.

**Richard HORMAECHEA and Mary Hormaechea, husband and wife, Defendants/Appellants/Cross-Respondents,**

and

**Dorothy L. Naylor, Defendant/Cross-Respondent.**

No. 15657.

Court of Appeals of Idaho.

Sept. 26, 1985.

Robert J. Koontz and William J. Batt, argued, Boise, for defendants/appellants/cross-respondents.

G. Lance Salladay, Boise, for plaintiff/respondent/cross-appellant.

Before BAKES, Acting C.J., and BISTLINE and OLIVER, Acting JJ.

BISTLINE, Acting Judge.

In 1976 the Eagle Sewer District determined that it needed to acquire property on which to build a new rapid infiltration facility. Following studies of the area surrounding Eagle, Idaho, the Sewer District located two to three sites suitable for the proposed infiltration system. The landowners of these sites were contacted to determine their interest and willingness to sell their property to the Sewer District. The appellants, Richard and Mary Hormaechea, were the only landowners who expressed any interest, and their property was appraised in February 1983.

After the Hormaecheas rejected the Sewer District's first offer, a second appraisal was conducted and a second offer in excess of the first offer was made in April of 1983. After the Hormaecheas rejected this second offer, condemnation proceedings were initiated by the Sewer District under I.C. § 7–701 *et seq.* The Sewer District moved to proceed under the "quick-take" provisions of I.C. § 7–721, and the district court granted the motion on April 20, 1983.

Trial was held on September 7, 1983 to determine the value of the property taken by the Sewer District. On September 27, 1983 the district court entered its memorandum decision assessing damages pursuant to I.C. § 7–711. A final order of condemnation was entered on April 11, 1984 in accordance with the earlier memorandum decision. On April 23, 1984 the Hormaecheas filed a motion to amend the order to include statutory interest and the district court filed an order computing the interest

on June 20, 1984. Thereafter, the Hormaecheas' motion for reconsideration of the interest award was denied. An amended final order and judgment of condemnation was filed by the district court on July 3, 1984.

The Hormaecheas appealed to this Court arguing that the district court erred in its assessment of the value of the land. The Sewer District cross-appealed contending the award of statutory interest was incorrect.

I.

Varying testimony was given regarding the value of the land taken by the Sewer District with appraisals as low as $2,700 per acre and as high as $5,000 per acre. The district court set the value at $3,000 per acre and awarded damages accordingly. The Hormaecheas argued that this value was too low because it did not account for the value of the sand and/or gravel located on the property. The district court expressly rejected this argument:

It can be noted that this Court is not awarding any extra damages to these defendants for the sand and/or gravel located on this property, as it is determined by this Court that such an award would be too speculative to be compensable, and this type of sand and gravel is not unique in this general area.

R., p. 142.

On appeal to this Court the Hormaecheas contended the district court erred in refusing to award additional compensation for the sand and/or gravel; hence, the $3,000 per acre figure was incorrect. The Hormaecheas argued that the district court erred by not considering the value of the sand and/or gravel which should have enhanced the value of the land per acre. We are not persuaded by this argument.

The district court specifically stated that it would not award any *extra* damages for the sand and/or gravel located on the property. We understand this to mean that the Court did consider the value of the sand and/or gravel in making its determination on value of the land per acre. Our review

of this decision is guided by I.R.C.P. 52(a) which provides that findings of fact of the district court will not be set aside unless clearly erroneous.

■ The general rule of law for mineral deposits was set forth in *Montana R. Co. v. Warren*, 137 U.S. 348, 11 S.Ct. 96, 34 L.Ed. 681 (1890) wherein the Supreme Court held that the existence of mineral deposits in land is an element to be considered in determining market value. In the instant case the district court clearly followed this rule when it stated there would be no extra damages for the sand and/or gravel. The district court correctly included the value of the sand and/or gravel in the per acre value awarded.

■ Moreover, the United States Supreme Court has held that the decision of a lower court awarding damages in a condemnation proceeding will not be disturbed on appeal unless the amount of award is grossly inadequate or excessive. *Shoemaker v. United States*, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170 (1893). And, if there is conflicting evidence, an appellate court should not modify the decision of the trial court so long as there is evidence to support the value determination of the trial court. *United States v. Tampa Bay Garden Apartments*, 294 F.2d 598 (5th Cir. 1961). Only if the amount awarded is not supported by any evidence and is contrary to the evidence adduced at trial can an appellate court set aside an award, *State v. Crawford*, 277 Ala. 568, 173 So.2d 109 (1965).

■ The amount awarded by the court fell within the range of estimates given by the various appraisers at trial. Three independent appraisers determined the value of the land was approximately $3,000 per acre. Only the Hormacheas' appraiser, Mr. Steen, determined the value to be $5,000 per acre. It was not an abuse of discretion for the district court to find $3,000 per acre to be a reasonable value of the land. The Hormaecheas have not demonstrated that adoption of this amount by the district court was an abuse of discretion or that the figure is grossly inadequate. *Shoemaker, supra.* The district court clearly did consider the value of the sand and/or gravel in its determination of the amount per acre to be awarded the Hormaecheas. Implicit in the district court decision is the determination that the sand and/or gravel was of no value above and beyond the value of the land for the best and highest use as a feedlot. This was not an abuse of discretion on the part of the district court.

The district court's decision on valuation of the parcel in question followed our guidelines set forth in *Symms v. City of Mountain Home*, 94 Idaho 528, 531, 493 P.2d 387, 389 (1972), and reiterated in *Ada County Highway Dist. v. Magwire*, 104 Idaho 656, 658, 662 P.2d 237, 239 (1983):

"The compensation which must be paid for property taken by eminent domain does not necessarily depend upon the uses to which it is devoted at the time of the taking; rather, all the uses for which the property is suitable should be considered in determining market value.

"The highest and best use for which the property is adaptable and needed or likely to be needed in the reasonably near future is to be considered, not necessarily as a measure of value, but to the full extent that the prospect of demand for such use affects the market value of the property. *Olson v. United States* [292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (1934)], *supra;* 4 Nichols, *supra* at § 12.314; cf. *City of Caldwell v. Roark*, 92 Idaho 99, 437 P.2d 615 (1968). It must be shown that the use for which the property is claimed to be adaptable is reasonably probable." (Citations omitted.)

The Hormaecheas' own appraiser, Mr. Steen, testified that the highest and best use for the land was operating a feedlot on the parcel. The Hormaecheas have argued that the land in question could have been put to dual uses as both a sand and gravel operation and a feedlot, hence, the compensation awarded should have included remuneration for both uses. This argument is in direct contravention of the general rule

of law set forth in Nichols, *The Law of Eminent Domain*, § 13.22 (1981) which provides in part:

> While valuable mineral deposits on condemned land constitute an element of damages to be considered, if the development of such deposits is inconsistent with the highest and best use upon the basis of which the land is valued, such deposits may not be considered.

The district court established a value of the land based on the highest and best use as a feedlot. The district court did not abuse its discretion in refusing to award extra damages for the value of the land as a potential sand and/or gravel mining operation. The decision of the district court awarding damages is affirmed.

## II.

The parties have contested the award of interest in this case. On cross-appeal the Sewer District argued that the district court erred in awarding interest in monies deposited into the district court under I.C. § 7–721(9).[1] Because of the actions of the Sewer District in depositing this money, we are not persuaded by this argument and affirm the district court decision for the reasons set forth below.

■ On April 11, 1984 the district court entered an order that the Eagle Sewer District was entitled to the land, and that the Hormaecheas were entitled to damages of $258,380, ($118,380 for the value of the real property taken and $140,000 for severance damages) with Eagle Sewer District receiving credit for its deposit of $150,841.92 into

district court on April 19, 1983. The order entered by the district court on April 11, 1984 was the equivalent of a judgment which would have supported a writ of execution by the Hormaecheas to collect the money owed them by the Sewer District. On April 11, 1984 the district court also entered a final order of condemnation, at which point the Eagle Sewer District owned the land. However, through inadvertence, the district court failed to award interest to the Hormaecheas. Hence, the Hormaecheas, on April 23, 1984, filed a motion to amend the order fixing compensation requesting the court to award an additional sum representing statutory interest under I.C. § 7–712.[2]

Following the Hormaecheas' motion to amend the compensation order to include interest, the Sewer District deposited with the district court $107,530.04 on April 30, 1984. However, the Sewer District deposited this money under objection indicating that "such money shall be paid the Defendants above named upon the filing of a Satisfaction of Judgment pursuant to Idaho Code § 7–717." R., Vol. 6, p. 164. On that same day the Sewer District filed an objection to defendant's motion to amend the order fixing compensation suggesting that the Hormaecheas had intentionally and willfully failed to comply with the district court's direction regarding assessment of the acreage. The Sewer District also contested the calculations of the Hormaecheas in their request for interest. Three days later, on May 3, 1984, the Sewer District made another deposit with the district court in the amount of $58,000 as full or partial satisfaction of accumulated interest.

---

1. I.C. § 7–721(9) provides:
   (9) After the plaintiff has deposited with the court the amount determined by the court to be just compensation, no interest shall accrue on the amount so deposited.

2. I.C. § 7–712 provides:
   **Damages—Date of accrual.**—For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value, at that date, shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken, but injuriously affected, in all cases where such damages are allowed, as provided in the last section. No improvements put upon the property subsequent to the date of the service of summons shall be included in the assessment of compensation or damages. The compensation and damages awarded shall draw lawful interest from the date of the summons.

This deposit was also made subject to objection by the Sewer District.[3]

The Hormaecheas responded by arguing that there was no intentional and willful delay because the question of the amount of acreage involved was a legitimate dispute (the parties had disagreed on acreage of pipeline easements). Furthermore, the Hormaecheas argued they were entitled to interest at the rate of 18 percent per year because the district court's award in a condemnation proceeding was in the nature of a judgment and should not be calculated as prejudgment interest at the rate of 12 percent.

On June 20, 1984 the district court entered a compensation order allowing statutory interest at the rate of 12 percent per annum on the total compensation award of $258,380 from the date of the issuance of the summons, August 13, 1982. The Sewer District was credited for its payment into district court of $150,841.92 on April 19, 1983 and that amount was deducted from the total damage award for the purposes of computing interest. Further, the district court allowed no interest as of the date of the final order since the Hormaecheas could get the funds from the court after that date. A memorandum decision supporting the compensation order was issued June 21, 1984.[4]

Thereafter, on June 27, 1984, the Hormaecheas demanded payment pursuant to I.C. § 7–717. The Sewer District on June 29, 1984 filed a motion for reconsideration asking the court to reconsider the interest award. The Hormaecheas filed a motion on July 6, 1984 opposing the Sewer District's motion to reconsider the interest award. After oral argument was heard on July 10, 1984 on the motion to reconsider the district court entered a memorandum decision and order on July 27, 1984 wherein the court determined that the deposit of money by the Sewer District on April 30,

1984 (in the amount of $107,538.04) did not stop the running of interest at 12 percent. The court held that the Hormaecheas were entitled to interest at the rate of 12 percent on the amount owed until the date of this order filed July 27, 1984. The district court set forth two reasons for ruling in this manner:

> The plaintiff, on April 30, 1984, deposited with this court part of the amount that was owed under the condemnation order, but at the end of the deposit the plaintiff's attorney states "such money shall be paid to the defendant above named upon the filing of the satisfaction of judgment pursuant to I.C. 7–717." This court is of the belief that there is a possibility under the language of I.C. 7–717 that the defendants may waive their right to the interest owed if they prematurely file a demand for payment. Because the language that the plaintiff put on the deposit of the money could have been a waiver of the interest owed had the defendants made a demand for the money, this court determines that the deposit of money did not stop the interest from accumulating at 12%. This court also believes that the plaintiff's motion to reconsider has prevented the court from entering a final order upon which the defendants could safely make a demand for payment without threat of making a waiver pursuant to I.C. § 7–717.

R., Vol. 6, pp. 202–03.

We think the district court was correct in its decision regarding the length of time during which interest should accrue and accordingly affirm the decision.

Under the eminent domain statutes in the State of Idaho, I.C. § 7–701 *et seq.*, it is clear that a defendant is entitled to interest running from the date of the summons.[5] The lawful rate of interest is 12 percent per annum.[6] The district court was correct in

---

3. The cashier's check to the Fourth District Court included the following: "(Paid subject to Objection)."

4. The compensation schedule used by the district court is set forth in Appendix A.

5. *See* footnote 2, *supra.*

6. I.C. § 28–22–104(2) reads as follows:

   **Legal rate of interest.**—(1) When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12 cents) on the hundred by the year on:

   . . . .

deciding the interest rate should begin to run on August 13, 1982, the date of the summons, at 12 percent.

■ Our eminent domain statutes also provide that no interest shall accrue on any amount deposited by the plaintiff with the court.[7] The district court ruled that no interest should accrue on the $150,841.92 deposited with the court by the Sewer District on April 19, 1983. This ruling was correct and was required by I.C. § 7-721(9). We are also persuaded it was correct to award interest on the balance due and owing to the Hormaecheas up to the final order of July 27, 1984 because the actions of the Sewer District when it deposited the balance owing were questionable and unnecessary. The Sewer District deposited $107,530.04 on April 30, 1984 with the condition that "such money shall be paid the Defendant above named upon the filing of a Satisfaction of Judgment pursuant to Idaho Code § 7-717." The Sewer District had absolutely no authority to condition payment to the Hormaecheas upon satisfaction of judgment and the Hormaecheas were justified in postponing withdrawal of the funds until the court ruled on the matter. Had the Hormaecheas elected to withdraw the funds after the Sewer District made the conditional deposit,[8] there was the risk that the Hormaecheas would have waived a right to interest. Hence, they were well advised to forego withdrawal of the funds until this legal dilemma was resolved. Because the actions of the Sewer District were the cause of the delay, the Hormaecheas should be awarded interest until the time that they were able to obtain the money free and clear from any questionable encumbrance. That date was July 27, 1984, and the district court was correct in awarding interest to that date.

2. Money after the same becomes due.

7. See footnote 1, *supra*.

For the foregoing reasons the decision of the district court is affirmed.

Costs to appellants/cross-respondents. Attorney's fees awarded to appellants/cross-respondents for their efforts in responding to the frivolous cross-appeal by respondent/cross-appellant.

BAKES, Acting C.J., and OLIVER, Acting J., concur.

## APPENDIX A

### SCHEDULE

| | |
|---|---|
| $118,380.00 | Land taken |
| $140,000.00 | Severance Damages |
| $258,380.00 | Total compensation granted to the defendants. See order of April 11, 1984. |
| $ 21,151.77 | Interest from August 13, 1982 the date of summons to April 19, 1983, the date of deposit. (249 days at 12%) |
| $279,531.77 | Amount owed as of April 19, 1983. |
| – $150,841.92 | Amount deposited by the plaintiff. No further interest shall accrue on this sum from April 19, 1983 even though the defendants have not withdrawn all of it. |
| $128,689.85 | Remaining amount due as of April 19, 1984. |
| – $ 15,442.78 | One year's interest at 12%. |
| $144,132.64 | Amount remaining owed to the defendants as of April 19, 1984. 12% interest shall accrue on this sum until the court signs the final order. |

R., Vol. 6, p. 179.

8. I.C. § 7-717 provides for withdrawal of funds so deposited with the court.