## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 38511

| | |
|---|---|
| STATE OF IDAHO, DEPARTMENT OF TRANSPORTATION, )<br><br>Plaintiff-Respondent, )<br><br>v. )<br><br>HJ GRATHOL, a California general partnership, )<br><br>Defendant-Appellant, )<br><br>and )<br><br>STERLING SAVINGS BANK, a Washington corporation; and DOES 1 through 5, )<br><br>Defendants. ) | Coeur d'Alene, May 2012 Term<br><br>2012 Opinion No. 85<br><br>Filed: June 1, 2012<br><br>Stephen W. Kenyon, Clerk |

Appeal from the district court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Lansing Haynes, District Judge.

The decision of the district court is affirmed. Neither party is awarded attorney's fees. Costs on appeal are awarded to Respondent.

Ramsden & Lyons, LLP, Coeur d'Alene, for Appellant. Christopher D. Gabbert argued.

Holland & Hart, Boise, for Respondent. Mary V. York argued.

W. JONES, Justice

### I. NATURE OF THE CASE

HJ Grathol ("Grathol") is a California general partnership that owns real estate in Kootenai County, Idaho. Grathol purchased a parcel for commercial real estate development, which is located at or near the northeast corner of US Highway 95 and State Highway 54 in Kootenai County (hereinafter referred to as "Grathol's parcel" or "the parcel"). The Idaho Transportation Board ("the Board") later sought to condemn sixteen acres of the parcel (hereinafter the portion of Grathol's parcel that is subject to condemnation shall be referred to as

1

"the subject property") in order to realign US Highway 95 and to construct an interchange with State Highway 54. Grathol contends that the Board failed to negotiate for the subject property in good faith because the Board's offer did not account for the extension of Sylvan Road to Roberts Road ("the Sylvan/Roberts Extension"), which Grathol contends would front the subject property and significantly increase its value. Grathol further asserts that the Board failed to file its Complaint and Order of Condemnation in accordance with I.C. § 7-707 before moving for early possession of the subject property pursuant to the "quick-take" provisions of I.C. § 7-721.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Grathol engages in the business of commercial real estate development in Idaho. It has taken significant steps to commercially develop the parcel, which it originally purchased as a commercial real estate investment venture. To further the development of its parcel, Grathol filed site plans, submitted a traffic impact study, and successfully secured commercial rezoning from Kootenai County. Moreover, Grathol has marketed the parcel and engaged in negotiations with potential tenants.

As it currently exists, US Highway 95 is primarily a two-lane highway. In 2002, the Board initiated a comprehensive study of US Highway 95 between the communities of Garwood and Sagle to determine the feasibility of improving the highway to a four-lane divided highway with Type V Access Control. The study concluded that the highway should be improved in order to increase safety and accommodate present and future traffic demands. The study was eventually incorporated into the Garwood to Sagle Project, which primarily sought to realign US Highway 95 and to construct an interchange with State Highway 54. The Board approved the Garwood to Sagle Project through its annual approval of the federally funded State Transportation Improvement Plan ("the STIP"), which incorporated the Garwood to Sagle Project. Due to the size of the Garwood to Sagle Project, the Board divided it into seven segments. Grathol's parcel is located within the Athol Segment.

The Board has the power of eminent domain pursuant to I.C. § 40-311(1). The Board contends that the subject property is needed for the Garwood to Sagle Project, Athol Segment, and that it authorized the condemnation of the subject property through its annual approval of the STIP. According to MAI appraiser Stanley Moe, the fair market value of the subject property is $571,000. In an effort to avoid a condemnation action, the Board offered Grathol an additional ten percent above the appraised fair market value for a total offer of $628,100. Grathol

2

countered the Board's offer with a demand for $3 million to $3.5 million on June 28, 2010, contending that the appraisal does not account for the subject property's frontage, which would result from the Sylvan/Roberts Extension.

The Board contends that it is not seeking to condemn any portion of the parcel in order to construct the Sylvan/Roberts Extension. It points out that neither the Complaint nor the Order of Condemnation references the condemnation of any portion of the parcel for construction of the Sylvan/Roberts Extension. In this regard, Jason Minzghor, Project Development Engineer with the Board, contends that Grathol is under the mistaken belief that the Board intends to condemn a portion of its parcel for the Sylvan/Roberts Extension because of a meeting held on August 1, 2010. During that meeting, two property owners, Jameson Mortgage and Frederick Krasnick, approached the Board with a proposal to extend Sylvan Road to Roberts Road through their respective properties. Minzghor asserts that the proposal was contingent upon Mortgage, Krasnick and Grathol dedicating a portion of their properties for the Sylvan/Roberts Extension in exchange for the resulting frontages that would run through their properties. Minzghor claims that after Grathol rejected the proposal, there have been no further plans in this regard.

On November 19, 2010, the Board filed its Complaint with an attached Order of Condemnation, which was dated November 17, 2010, and was signed by the Director of the Idaho Transportation Department ("the Director") on behalf of the Board. On December 21, 2010, the Board filed its Motion for an Order Granting Possession of Real Property pursuant to the "quick-take" provisions of I.C. § 7-721. Grathol filed its Response to the Board's Motion for an Order Granting Possession of Real Property on January 10, 2011, contending, among other things, that the Complaint and the Order of Condemnation failed to meet the statutory requirements of I.C. § 7-707 and that the Board failed to negotiate in good faith. The district court filed its Order Granting Possession of Real Property on January 27, 2011, holding that the requirements of I.C. § 7-721 were satisfied and that the amount of just compensation was $571,000. The district court then filed a Rule 54(b) Certificate on January 27, 2011, holding that there was no just reason for delay of the entry of final judgment because the Board established the "quick-take" provisions of I.C. § 7-721. On February 1, 2011, Grathol timely filed its Notice of Appeal. Thereafter, the district court entered Final Judgment on March 4, 2011.

### III. ISSUES ON APPEAL

3

1.    Whether the Complaint and Order of Condemnation were filed in accordance with I.C. § 7-707?

2.    Whether the Board failed to negotiate in good faith pursuant to I.C. § 7-721(2)(d)?

3.    Whether Grathol is entitled to attorney's fees on appeal pursuant to I.C. § 12-117?

4.    Whether the Board is entitled to attorney's fees on appeal pursuant to I.C. § 12-121?

## IV. STANDARD OF REVIEW

The "quick-take" provisions of I.C. § 7-721(2) allow state entities that possess the power of eminent domain to "obtain property . . . for a public purpose without the delay of a lengthy trial." *Payette Lakes Water and Sewer Dist. v. Hays*, 103 Idaho 717, 718, 653 P.2d 438, 439 (1982). After commencing an action for condemnation, the state entity may deposit with the court the amount initially determined as "just compensation" for the property. *Id.* After a hearing is held, the court can then enter an order enabling the state entity to take possession of and use the property pending a full trial. *Id.* Subsection (2) of I.C. § 7-721 states that the court

> "shall first determine whether or not plaintiff (a) has the right of eminent domain, (b) whether or not the use to which the property is to be applied is a use authorized by law, (c) whether or not the taking is necessary to such use, and (d) whether or not plaintiff has sought, in good faith, to purchase the lands sought to be taken . . . ."

## A.    The Complaint and the Order of Condemnation Were Filed in Accordance with I.C. § 7-707

Grathol contends that the Order of Condemnation was not filed in accordance with I.C. § 7-707(6) because the Director signed the Order of Condemnation and the Board never approved the condemnation of the subject property through a formal board meeting, which Grathol asserts is contrary to a strict construction of I.C. §§ 40-308, 40-311(1), and 40-505, among others. Grathol further asserts that because the Order of Condemnation, which Grathol claims contains an express declaration that the Board is extending Sylvan Road to Roberts Road through Grathol's parcel, conflicts with the Complaint, which Grathol asserts does not address the Sylvan/Roberts Extension, both are invalid pursuant to I.C. § 7-707(6) because they do not provide a clear description of the property rights acquired.

*1.  The Director May Sign the Order of Condemnation on Behalf of the Board*

"The interpretation of a statute is a question of law over which this Court exercises free review." *Doe v. Boy Scouts of Am.*, 148 Idaho 427, 430, 224 P.3d 494, 497 (2009). Judicial interpretation of a statute begins with an examination of the statute's literal words. *State v.*

4

*Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). "This Court interprets statutes according to their plain, express meaning and resorts to judicial construction only if the statute is ambiguous, incomplete, absurd, or arguably in conflict with other laws." *Arel v. T & L Enter., Inc.*, 146 Idaho 29, 32, 189 P.3d 1149, 1152 (2008).

Idaho Code section 7-707(6) states:

> An order of condemnation, or resolution, or other official and binding document entered by the plaintiff which sets forth and clearly identifies all property rights to be acquired including rights to and from the public way, and permanent and temporary easements known or reasonably identifiable to the condemning authority.

According to the plain language of the statute, an order of condemnation must be "entered" by the Board. Pursuant to I.C. § 40-505, the Director possesses "necessary incidental powers" of administration on behalf of the Board. Black's Law dictionary defines an "incidental power" as "[a] power that, although not expressly granted, must exist because it is necessary to the accomplishment of an express purpose." Black's Law Dictionary 1288 (9th ed. 2009). Therefore, according to I.C. § 40-505, the Director possesses broad powers to carry out the express actions of the Board. In this regard, the plain language of I.C. § 40-505 states that the Director acts as the administrative arm of the Board. The power of eminent domain is one of the powers exclusively vested by law in the Board. *See* I.C. § 40-311(1). As the record establishes, the Director did not unilaterally condemn the subject property without the authority of the Board. Instead, the Board approved of the condemnation of the subject property through its annual approval of the STIP. *See* I.C. § 40-310. Although the Order of Condemnation was signed by the Director, it was filed in the name of the Board, not the Director, and expressly invoked the Board's power of condemnation pursuant to I.C. § 40-311(1). It is the Board, not the Director, who is exercising the power of eminent domain in the Order of Condemnation. The Director is merely acting in an administrative capacity on behalf of the Board pursuant to I.C. § 40-314(3) and Board Policy B–03–01 in order to carry out the Board's express power of condemnation.

Grathol's assertion that the Board must hold a board meeting every time it condemns private property for a public purpose is unsupported by the plain language of the statutes that Grathol cites in its opening brief and impractical due to the sheer size of public roads projects and the relative infrequency of board meetings. It is for these reasons that the Director typically signs orders of condemnation on behalf of the Board. Furthermore, the cases that Grathol cites in its opening brief are irrelevant and unconvincing because the Board never ceded its power to

5

condemn private property for public purposes to the Director. Grathol's assertion that the Board violated Idaho's Open Meeting Act because it did not hold a formal board meeting to condemn the subject property is similarly unconvincing.

   2. *The Complaint and Order of Condemnation Do Not Express Any Intention to Condemn Any Portion of Grathol's Land for the Purpose of the Sylvan/Roberts Extension*

Although the Order of Condemnation refers to the Sylvan/Roberts Extension, that section deals with rights of access to and from the remaining non-condemned portions of Grathol's parcel to various roads and highways. Furthermore, the Order of Condemnation specifically identifies the subject property as being such "property [as] has been designated and shown as the above parcel number on the plans of said project now on file in the office of the Idaho Transportation Department." The plans refer to the US-95, Garwood to Sagle, Athol Stage, and map out the 16.314 acres of the subject property, but they make no reference to the Sylvan/Roberts Extension. The Complaint makes reference to those plans as well when it identifies the subject property, but it also makes no reference to the Sylvan/Roberts Extension. Instead, it states that the Board seeks to condemn the subject property in order to "widen[] and improv[e] . . . U.S. Highway 95 south of State Highway 52 to north of the community of Sagle . . . ." The Complaint further elaborates that "[t]he particular segment of the Project for which Defendants' property is required is U.S. 95 Garwood to Sagle - Athol Stage, Kootenai County, Idaho, ITD Project No. A009(791), Key No. 9791."

Thus, there is no basis for Grathol's assertion that the Order of Condemnation conflicts with the Complaint. Grathol would like this Court to consider the possible extension of Sylvan Road to Roberts Road through Grathol's property in the future in determining just compensation and whether the Complaint conflicts with the Order of Condemnation. If Sylvan Road is extended to Roberts Road through Grathol's property in the future, then, at that time, the Board will be required to determine the just compensation due for that portion of Grathol's property that is necessary for the project. At this time, this Court refuses to engage in such speculative contemplation.

**B. The Board Negotiated in Good Faith for the Subject Property Pursuant to I.C. § 7-721(2)(d)**

6

Grathol contends that the Board did not negotiate in good faith to purchase the subject property pursuant to I.C. § 7-721(2)(d) because the appraisal did not include any consideration for the extension of Sylvan Road to Roberts Road across Grathol's parcel.

Idaho Code section 7-721 states that "[i]n any proceeding under the provisions of this chapter for the acquisition of real property, the plaintiff may take possession of and use such property at any time after just compensation has been judicially determined and payment thereof made into court." Judicial determination of just compensation is satisfied when the court determines, among other requirements, that the

> plaintiff has sought, in good faith, to purchase the lands sought to be taken and the court shall enter an order thereon which shall be a final order as to these issues and an appeal may be taken therefrom; provided, however, no appeal therefrom shall stay further proceedings.

I.C. § 7-721(2)(d). Just compensation is based on fair market value, which is the price for which the property that is taken could be sold by an owner willing to sell to a willing purchaser on the date of the taking. *Ada Cnty. Highway Dist. v. Magwire*, 104 Idaho 656, 658–59, 662 P.2d 237, 239–40 (1983).

Neither the Order of Condemnation nor the Complaint proposes condemnation of any portion of Grathol's parcel for the purpose of the Sylvan/Roberts Extension. Though the Order of Condemnation briefly mentions the Sylvan/Roberts Extension, that section describes right of access to and from the remaining property belonging to Grathol to the Sylvan/Roberts Extension. The Affidavit of Jason Minzghor asserts that the Board has no intention of condemning any portion of Grathol's parcel for the construction of the Sylvan/Roberts Extension. As mentioned before, Grathol elected not to dedicate its property for the Sylvan/Roberts Extension, causing the Board to abandon that proposal. Because the basis of Grathol's argument relies entirely on its assertion that the Board's offer does not account for the Sylvan/Roberts Extension, this Court holds that the Board negotiated in good faith for the subject property pursuant to I.C. § 7-721(2)(d).

**C.     Grathol Is Not Entitled to Attorney's Fees on Appeal Pursuant to I.C. § 12-117**

Grathol requests attorney's fees on appeal pursuant to I.C. § 12-117. Because Grathol is not the prevailing party on appeal, it is not entitled to attorney's fees.

**D.     The Board Is Not Entitled to Attorney's Fees on Appeal Pursuant to I.C. § 12-121**

7

The Board contends that it is entitled to attorney's fees on appeal pursuant to I.C. § 12-121 because Grathol acted without a reasonable basis in fact or law in filing this appeal. Pursuant to I.C. § 12-121, the prevailing party may be awarded attorney's fees "when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Karlson v. Harris*, 140 Idaho 561, 571, 97 P.3d 428, 438 (2004). This Court denies the Board's request because I.C. § 12-117 is the exclusive means for awarding attorney's fees for actions involving state entities. *See Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 635, 226 P.3d 1277, 1282 (2010).

## VI. CONCLUSION

Because the Board negotiated in good faith for the subject property and filed its Complaint and Order of Condemnation in accordance with I.C. § 7-707, this Court affirms the district court's decision holding that the "quick-take" provisions of I.C. § 7-721(2) were satisfied. Neither party is entitled to attorney's fees on appeal. Costs are awarded to the Board.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.

8